UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION AT GREENBELT

UNITED STATES OF AMERICA )
*for the use and benefit of* )
STROMBERG METAL WORKS, INC., )
 )
        Plaintiff, )
 )
v. ) Civil Action No. L 02 CV 3188
 )
BELL BCI COMPANY )
 )
and )
 )
UNITED STATES FIDELITY AND )
GUARANTY COMPANY, )
 )
        Defendants. )

**MOTION FOR LEAVE OF COURT TO SERVE DISCOVERY
UPON DEFENDANT, BELL BCI COMPANY**

Plaintiff, Stromberg Metal Works, Inc. ("Stromberg"), by and through undersigned counsel, respectfully moves this Court for an Order allowing Plaintiff to serve discovery upon Defendant, Bell BCI Company and, as grounds therefore, states as follows:

Stromberg filed its complaint against Defendants Bell BCI Company ("Bell") and United States Fidelity & Guaranty Company ("USF&G") on September 30, 2002. Bell subsequently filed a Motion to Dismiss or in the alternative a Motion to Stay this case on the basis that Stromberg has not yet exhausted its administrative remedies in order to proceed with litigation. The motion has been briefed by both sides and is now waiting the Court's decision.

Local Rule 104(4)(b) of the Federal Rules of Civil Procedure states that "discovery shall not commence until a scheduling order has been entered unless otherwise ordered by the Court

or agreed upon by the parties". The Court has not issued a scheduling order in this matter since the Court has not yet decided Bell's motion. Therefore, neither party has commenced any discovery in this matter.

Serving discovery upon Bell at this time is germane to the resolution of the outstanding Motion to Dismiss. Bell's motion relies upon the premise that Stromberg must first exhaust its administrative remedies and disputes procedures prior to initiating any suit for recovery. Stromberg believes that Bell entered into a contract modification with the Owner that settled all disputes and claims up through and including August 31, 2000. Bell never consulted with or obtained any input from Stromberg prior to negotiating and executing the contract modification with the Owner. Since the vast majority of Stromberg's claims resulted from delays it encountered on the project through August 31, 2000, Stromberg has no other remedy for recovery except this litigation. Therefore, Stromberg desires to initiate discovery regarding Bell's settlement of its claims with the Owner to determine if and to what extent Stromberg's claims were included in that settlement.

Therefore, it is germane to the outstanding Motion to Dismiss or in the alternative, Motion to Stay that discovery in this matter be allowed to immediately proceed so that it can be determined whether the contract modification between Bell and the Owner did in fact settle the majority of Stromberg's claims. A copy of Stromberg's intended discovery is attached hereto as Exhibits A, B and C.

WHEREFORE, Plaintiff, Stromberg Metal Works, Inc., requests that this Honorable Court grant Plaintiff's Motion for Leave to Serve Discovery Upon Defendant, Bell BCI Company.

Respectfully submitted,

By: _____
William M. Huddles (Federal Bar No. 01184)
Edward N. Hershon (Federal Bar No. 22606)
HUDDLES & JONES, P.C.
Overlook Center, Suite 304
5457 Twin Knolls Road
Columbia, MD 21045
(410) 720-0072

Counsel for Plaintiff, Stromberg Metal Works, Inc.

## CERTIFICATE OF SERVICE

I hereby certify on this 16th day of April, 2003, that I caused a true copy of the foregoing Plaintiff's Motion for Leave to Serve Discovery upon Defendants, Bell BCI and United States Fidelity & Guaranty Company to be served via first-class mail, postage prepaid, on counsel for defendants:

> Richard O. Wolf, Esquire
> Charlie C. H. Lee, Esquire
> MOORE & LEE, LLP
> Suite 1450
> 1750 Tysons Boulevard
> McLean, VA  22102-4225

_____
Edward N. Hershon