**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION AT GREENBELT**

| | |
|---|---|
| UNITED STATES OF AMERICA *for the use and benefit of* STROMBERG METAL WORKS, INC.<br><br>Plaintiff,<br><br>v.<br><br>BELL BCI COMPANY<br><br>and<br><br>UNITED STATES FIDELITY AND GUARANTY COMPANY,<br><br>Defendants. | Civil Action No. L 02 CV 3188 |

**BELL BCI COMPANY'S OPPOSITION**
**TO PLAINTIFF'S MOTION FOR LEAVE TO SERVE DISCOVERY**

Defendant, BELL BCI Company ("BELL"), hereby opposes plaintiff, Stromberg Metal Works, Inc.'s ("Stromberg"), Motion for Leave of Court to Serve Discovery Upon BELL (hereinafter referred to as "Stromberg's Motion"). Stromberg's Motion is based on the single allegation that discovery is "germane" to resolving the pending Motion to Dismiss Stromberg's Complaint due to Stromberg's failure to exhaust contractually-imposed disputes procedures, or in the alternative, to stay all proceedings in this action pending the completion of those mandatory disputes procedures. (*See* Stromberg's Motion at p. 2). As discussed in greater detail below, Stromberg's allegation is unfounded and its Motion should, therefore, be denied.

**I.      STATEMENT OF THE CASE**

For a complete discussion of the background of this case, BELL respectfully cites the Court to pp. 2-4 of Defendants' Reply Memorandum in Support of Defendants' Motion to Dismiss.  The facts critical to the pending Motion to Dismiss include the following:

1. Pursuant to ¶ 10 and ¶ 19 of Subcontract between Stromberg and BELL, Stromberg expressly agreed that its right to recover against BELL (and by extension, against BELL's surety, USF&G) for delay and other claims would be limited "to the extent that [BELL] recovers the same from the Owner" (emphasis added)).[1]

2. On March 5, 2002, Stromberg provided BELL with a Certified Claim (hereinafter "Stromberg's Claim") in the amount of $1,689,912, and authorized BELL to submit Stromberg's Claim to the Owner (*i.e.*, the government) on the basis that the Owner was responsible for the alleged damages that Stromberg alleged it incurred.  The purported delay damages that Stromberg assert in this case are also the subject of the damages alleged in Stromberg's Claim.

3. The Contracting Officer issued a decision that denied Stromberg's Claim, as well as other claims that BELL had submitted.

4. BELL's contract with the Owner incorporates the Contract Disputes Act, 41 U.S.C. § 609(a)(1), pursuant to which BELL has until on or about July 1, 2003 to file an action for judicial review of the Contracting Officer's decision in the Untied States Court of Federal Claims.  BELL is still engaged in negotiations with the Owner to resolve all of claims, including Stromberg's Claim.

In short, Stromberg expressly agreed in its Subcontract with BELL that Stromberg would be bound by BELL's dispute procedures with the Owner, and that Stromberg's right to recover

---

[1]      A copy of the Subcontract was appended as Exhibit A to the Memorandum in Support of Defendants' Motion to Dismiss, Or In The Alternative, To Stay.

would be limited to the extent that BELL received a recovery from the Owner. The pending Motion to Dismiss seeks to hold Stromberg to its contractual obligations.

## II.   DISCUSSION

Stromberg's Motion should be denied because, contrary to Stromberg's assertion, discovery is not "germane" to the pending Motion to Dismiss. Stromberg's obligation under the Subcontract to be bound by BELL's dispute procedures with the Owner is clear and unambiguous. Discovery has no bearing on Stromberg's duty to wait until the agreed upon disputes procedures are exhausted.

Indeed, the stated basis for Stromberg's Motion is contrived. In the two memoranda that Stromberg filed in opposition to the pending Motion to Dismiss, Stromberg did not allege that discovery was needed. Thus, Stromberg's assertion that discovery is "germane" to the pending Motion to Dismiss is decidedly *post facto* and rings hollow. Furthermore, the discovery that Stromberg seeks leave to serve is both premature and astoundingly overbroad.

For example, Stromberg seeks leave to serve Requests for Admission with regard to issues involving BELL's as yet un-finalized dealings with the Owner regarding delay. (*See* Ex. C to Stromberg's Motion, Requests for Admission). In addition, Stromberg seeks leave to serve discovery that would reach issues that are not "germane" to any issue in dispute, let alone "germane" to the pending Motion to Dismiss. Stromberg, for instance, demands production of "Any and all correspondence, written communications, e-mails, statements, and/or other documents relating in any manner to the Project, whether addressed to, received by, or generated by Bell, USF&G, the Owner, the Architect and/or <u>any other person or entity that had any involvement whatsoever with the Project</u>." (*See* Ex. B to Stromberg's Motion, Proposed Document Request No. 3 (emphasis in original)). Engaging in discovery via a "fishing

expedition" is objectionable by itself, but particularly so when the purported basis for the request is to obtain information that is "germane" to the pending Motion to Dismiss.

### III. CONCLUSION

Stromberg's Motion is unsupported and should be denied. The pending Motion to Dismiss is based on requiring Stromberg to abide by the dispute resolution procedures agreed to in its Subcontract with BELL and to allow those procedures to conclude so that judicial resources will not be wasted by litigating in a piecemeal fashion that could result in multiple trials before different federal courts involving the same issues. Stromberg's Motion and the overbroad discovery it seeks are not germane to those issues.

        Respectfully submitted,

        BELL BCI COMPANY

        By counsel:

        /s/ *Richard O. Wolf*
        Richard O. Wolf (FBN 04989)
        MOORE & LEE, LLP
        1750 Tysons Boulevard, Suite 1450
        McLean, Virginia  22102-4225
        (703) 506-2050  Telephone
        (703) 506-2051  Facsimile

Dated: May 5, 2002        E-mail:  r.wolf@mooreandlee.com

Of Counsel:

Charlie C.H. Lee
MOORE & LEE, LLP
1750 Tysons Boulevard, Suite 1450
McLean, Virginia  22102-4225
(703) 506-2050

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of May, 2003, I caused a true copy of the foregoing Opposition to be served via first class mail on counsel for the plaintiff:

William M. Huddles, Esquire
Edward N. Hershon, Esquire
Huddles & Jones, P.C.
Overlook Center, Suite 304
5457 Twin Knolls Road
Columbia, Maryland  21045

/s/  *Richard O. Wolf*
　　　Richard O. Wolf