UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION AT GREENBELT

| | |
|---|---|
| UNITED STATES OF AMERICA *for the use and benefit of* STROMBERG METAL WORKS, INC., | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Civil Action No. L 02 CV 3188 |
| BELL BCI COMPANY | ) ) ) |
| and | ) ) |
| UNITED STATES FIDELITY AND GUARANTY COMPANY, | ) ) ) ) |
| Defendants. | ) |

**STROMBERG METAL WORKS, INC.'S REPLY TO
<u>DEFENDANT'S OPPOSITION TO MOTION FOR LEAVE TO SERVE DISCOVERY</u>**

Plaintiff, Stromberg Metal Works, Inc. ("Stromberg"), by and through its undersigned attorneys, for its Reply to Defendant's Opposition to Motion for Leave to Serve Discovery, states as follows:

Stromberg's Motion for Leave to Serve Discovery is germane to the pending Motion to Dismiss or in the Alternative Stay Proceedings. The undersigned counsel verified that no appeal has been taken by Bell from the Contracting Officer's Final Decision at either the Armed Services Board of Contract Appeals or the United States Court of Federal Claims.[1] Thus, it can

---

[1] Edward N. Hershon, Esquire telephonically contacted the Recorder's Office of the Armed Services Board of Contract Appeals and the Clerk's Office at the United States Court of Federal Claims and was informed that Bell had not filed an appeal of the Contracting Officer's Final Decision in either venue.

only be concluded that Bell has not availed itself of the opportunity to seek any administrative remedies which it claims must first be exhausted prior to this matter going forward.

If the requested discovery is permitted to be served upon Bell, it is anticipated that the information obtained will enable the Court to determine that Bell's argument, that all of the administrative remedies must first be exhausted, is actually inapplicable in this matter because the bi-lateral contract modification that Bell agreed to with the Owner, the Department of Health & Human Services, settled all disputes and claims up through and including August 31, 2000. As a result of this bi-lateral modification, Bell has no administrative remedies available to it for the purpose of pursuing Stromberg's claims against the Owner.

It is therefore germane to the pending motion that Stromberg be permitted to serve its discovery requests upon Bell in order to show that there are no administrative remedies that can be pursued against the Owner regarding Stromberg's claim against Bell.

WHEREFORE, Plaintiff, Stromberg Metal Works, Inc., requests that this Honorable Court grant Plaintiff's Motion for Leave to Serve Discovery Upon Defendant, Bell BCI Company.

Respectfully submitted,

By: _____
William M. Huddles (Federal Bar No. 01184)
Edward N. Hershon (Federal Bar No. 22606)
HUDDLES & JONES, P.C.
Overlook Center, Suite 304
5457 Twin Knolls Road
Columbia, MD 21045
(410) 720-0072

Counsel for Plaintiff, Stromberg Metal Works, Inc.

## CERTIFICATE OF SERVICE

    I hereby certify on this _____ day of May, 2003, that I caused a true copy of the foregoing Plaintiff's Reply to Opposition to Motion for Leave to Serve Discovery upon Defendants, Bell BCI and United States Fidelity & Guaranty Company to be served via first-class mail, postage prepaid, on counsel for defendants:

        Richard O. Wolf, Esquire
        Charlie C. H. Lee, Esquire
        MOORE & LEE, LLP
        Suite 1450
        1750 Tysons Boulevard
        McLean, VA  22102-4225

                                          _____
                                          Edward N. Hershon