UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION AT GREENBELT

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*for the use and benefit of*<br>STROMBERG METAL WORKS, INC.<br><br>Plaintiff/Counter-Defendant,<br><br>v.<br><br>BELL BCI COMPANY, *et al.*,<br><br>Defendant/Counter-Plaintiff. | Civil Action No. L 02 CV 3188 |

## BELL BCI COMPANY'S ANSWER

BELL BCI Company ("BELL") hereby answers the Complaint of Stromberg Metal Works, Inc. ("Stromberg") according to the numbered paragraphs set forth therein as follows:

1. BELL is without sufficient information to admit or deny the allegations set forth in ¶ 1 of the Complaint and therefore, denies same and demands strict proof thereof.

2. BELL admits the allegations in the first and second sentence of ¶ 2 of the Complaint. The allegation set forth in the last sentence of ¶ 2 of the Complaint states a legal conclusion to which no answer is required.

3. Upon information and belief, BELL admits the allegations in the first sentence of ¶ 3 of the Complaint. With regard to the allegations in the second sentence of ¶ 3 of the Complaint, it is admitted that USF&G, as surety, issued a bond to BELL, as principal. That bond speaks for itself. To any extent that the allegations in ¶ 3 are inconsistent with the terms of that bond, the allegations are denied and BELL demands strict proof thereof. The allegation set forth

in the last sentence of ¶ 3 of the Complaint states a legal conclusion to which no answer is required.

    4.    The allegations set forth in ¶ 4 of the Complaint state legal conclusions to which no answers are required.

## Factual Background

    5.    The allegations in the first sentence of ¶ 5 of the Complaint state a legal conclusion to which no answer is required.  With regard to the allegations in the second sentence of ¶ 5 of the Complaint, it is admitted that the United States of America is the owner of a construction project in Bethesda, Maryland known as National Institutes of Health, Building 50.

    6.    The allegations in the first sentence of ¶ 6 of the Complaint are denied with regard to the alleged award date of the "Prime Contract."  With regard to the allegations in the second sentence of ¶ 6 of the Complaint, it is admitted that BELL entered into Contract No. 263-98-C-0102 with the United States of America.  That Contract speaks for itself.  To any extent that the allegations in ¶ 6 are inconsistent with the terms of that Contract, the allegations are denied and BELL demands strict proof thereof.  It is admitted that USF&G, as surety, issued a bond to BELL, as principal.  That bond speaks for itself.  To any extent that the allegations in ¶ 6 are inconsistent with the terms of that bond, the allegations are denied and BELL demands strict proof thereof.

    7.    It is admitted that BELL entered into a subcontract with Stromberg on or about April 24, 1998.  That subcontract speaks for itself.  To any extent that the allegations in ¶ 7 are inconsistent with the terms of that subcontract, the allegations are denied and BELL demands strict proof thereof.

    8.    Denied.

## COUNT I
### (Payment Bond Action)

9. BELL incorporates herein by reference its answers to ¶¶ 1-8 of the Complaint as if fully set forth herein.

10. The allegations set forth in ¶ 10 of the Complaint state a legal conclusion to which no answer is required.

11. Denied.

12. BELL cannot admit or deny the allegations set forth in ¶ 12 of the Complaint and therefore, denies same and demands strict proof thereof.

13. Upon information and belief, the allegations set forth in ¶ 13 of the Complaint are denied.

18 (sic).    Denied.

19 (sic).    Denied.

20 (sic).    Denied.

## COUNT II
### (Breach of Contract)

21 (sic). BELL incorporates herein by reference its answers to ¶¶ 1-20 of the Complaint as if fully set forth herein.

22 (sic). The allegations set forth in ¶ 22 of the Complaint state a legal conclusion to which no answer is required. It is denied that BELL committed any ordinary and material breaches as is alleged in ¶ 22 of the Complaint.

23 (sic).    Denied.

24 (sic).    Denied.

25 (sic).    Denied.

26 (sic).    Denied.

## DEFENSES

### First Defense

The Complaint fails to state a claim against BELL upon which relief can be granted and should be dismissed.

### Second Defense

The Complaint is barred by the doctrines of waiver, estoppel and/or laches.

### Third Defense

The Complaint is barred by Stromberg's failure to mitigate damages.

### Fourth Defense

The Complaint is barred by Stromberg's prior breach of its subcontract with BELL.

### Fifth Defense

All allegations in the Complaint not expressly admitted to herein are denied.

### Sixth Defense

The Compliant is barred by BELL's substantial performance of its subcontract with Stromberg.

### Seventh Defense

The Complaint is barred by the terms of BELL's subcontract with Stromberg and Stromberg's failure to satisfy the terms and conditions set forth therein.

### Eighth Defense

The Complaint is barred by the Stromberg's failure to satisfy all conditions precedent to bringing an action against BELL.

**Ninth Defense**

The Complaint is barred by Stromberg's own conduct, or the conduct of the owner, or the conduct of others as a superceding or intervening cause of Stromberg's alleged injury.

**Tenth Defense**

The Complaint is barred by the doctrine of unclean hands and fraud.

**Eleventh Defense**

Stromberg's alleged damages claims are subject to set off.

**Twelfth Defense**

The Complaint is barred and should be dismissed, or in the alternative, stayed pending final resolution of BELL's lawsuit against the owner that is pending in the United States Court of Federal Claims.

BELL reserves the right to add additional defenses as this case progresses.

WHEREFORE, BELL respectfully requests that this Court dismiss the Complaint with prejudice, award BELL all costs and attorney's fees in defending this action, and for such further relief as this Court deems just and proper.

Respectfully submitted,

BELL BCI COMPANY

By counsel:

*/s/ Richard O. Wolf*
Richard O. Wolf (FBN 04989)
MOORE & LEE, LLP
1750 Tysons Boulevard, Suite 1450
McLean, Virginia  22102-4225
Telephone:  (703) 506-2050
Facsimile:  (703) 506-2051
Dated: July 9, 2003                    E-Mail:  r.wolf@mooreandlee.com

- 6 -

<u>Of Counsel</u>:

Charlie C.H. Lee
MOORE & LEE, LLP
1750 Tysons Boulevard, Suite 1450
McLean, Virginia  22102-4225
Telephone:  (703) 506-2050
Facsimile:  (703) 506-2051
E-Mail:  c.lee@mooreandlee.com

Case 1:02-cv-03188-BEL    Document 18    Filed 07/09/2003    Page 7 of 7