UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA )
*for the use and benefit of* )
STROMBERG METAL WORKS, INC., )
)
)  Plaintiff, )
)
v. )  Civil Action No. L 02 CV 3188
)
BELL BCI COMPANY )
)
and )
)
UNITED STATES FIDELITY AND )
GUARANTY COMPANY, )
)
)  Defendants. )

### JOINT PROPOSED DISCOVERY PLAN

Pursuant to the Court's Order for Rule 26(f) Planning Meeting, counsel for the parties held a Discovery Conference and agreed to the following:

    a.    The parties agreed to exchange documents no later than August 22, 2003. Pursuant to Local Rule 104(1), the parties agreed that Request for Production of Documents will be limited to thirty (30) requests.

    b.    The parties agreed that the number of Interrogatories that each side can propound shall be limited to twenty-five (25), pursuant to Fed. R. Civ. P. 33(a). Interrogatories will be submitted on August 22, 2003. The answers to Interrogatories shall be due no later than 30 days after service of the Interrogatories.

    c.    All depositions will be conducted pursuant to Fed. R. Civ. P. 30(b)(6). Each party anticipates conducting between four to six (4 – 6) depositions of fact witnesses. Depositions will

not commence until after October 1, 2003 and shall be concluded by the close of discovery, January 9, 2004.

  d. Rule 26(a)(1) disclosures will be submitted within Forty-Five Days of this Scheduling Order.

  e. The parties anticipate using expert witnesses to examine the project schedule and to measure the damages sought in this action. The Plaintiff's Initial Expert Report(s) will be submitted no later than October 15, 2003. Defendant's Rebuttal Report(s) is due no later than November 17, 2003. Plaintiff's Reply to any Rebuttal Report(s) is due no later than December 2, 2003.

  f. All discovery must be completed no later than January 9, 2004.

  g. At this time the parties are considering whether to appear before a United States Magistrate Judge for a settlement conference. The parties will jointly advise the Court prior to the close of Discovery.

  h. The parties do not consent to a trial before a United States Magistrate Judge.

  i. Bell anticipates renewing its Motion to Dismiss or in the Alternative Stay Proceedings Pending Exhaustion of Mandatory Disputes Procedures. Bell anticipates filing this motion prior to the close of discovery.

  j. **Plaintiff's description of the case:** On March 13, 1998, the United States Government, acting by and through the Department of Health and Human Services ("the Government"), awarded Contract No. 263-98-C-0102 to Bell as the prime contractor on a construction project to renovate the National Institutes of Health, Building 50 – Consolidated Laboratory Facility, Phase II, located in Bethesda, Maryland. On April 24, 1998, Bell subcontracted with Stromberg to fabricate and install the mechanical, HVAC, sheet metal, and

ductwork for the project. As required under the Miller Act, Bell provided a performance and a labor and material payment bond. As surety, USF&G issued the payment bond.

Hundreds of changes and delays ensued during the project. In March 1999, modification of the ductwork in the interstitial spaces was required to accommodate walkways. Throughout the summer, fall, and winter of 1999, further changes and design problems impacted installation of the ductwork. Stromberg advised Bell of the extensive costs it was incurring and requested equitable adjustment as well as time extensions.

On June 19, 2000, Stromberg submitted an initial claim based on a per diem delay rate because at that time Stromberg was unable to evaluate the overall impact of the changes and delays on the project. This initial claim, totaling $658,914, was subsequently amended.

On November 27, 2000, Stromberg advised Bell that its work was expected to be delayed over one year and that the scope of its work continued to be cardinally changed by seemingly nonstop design revisions. Stromberg persistently expressed its concern to Bell about the manner in which the changes were impacting and delaying completion of the project, but the design modifications kept coming through September, 2001. The latter changes often required demolition and reinstallation of work that had already been performed. Generally, change work amounts to approximately 10 percent of Stromberg's original contract amount. During this project, however, it amounted to nearly 65 percent.

On December 19, 2001, Stromberg submitted its final claim to Bell for additional costs stemming from project impact and delay. This claim, totaling $1,689,912, was divided into two parts: (1) costs incurred prior to August 31, 2000; and (2) costs incurred after August 31, 2000.

Bell submitted a Request for Equitable Adjustment ("REA") to the Government on April 5, 2002, which included, *inter alia*, Stromberg's claim.

Notwithstanding this REA, 18 months earlier, on October 2, 2000, Bell and the Government had entered into Contract Modification No. 093 in the amount of $2,296,963. This modification extended the contract completion date to April 15, 2001 and provided Bell a full equitable adjustment "for all delays resulting from any and all Government changes transmitted to the Contractor on or before August 31, 2000."

Stromberg was never informed of nor included in the negotiation of this $2.3 million delay settlement. Stromberg thus had no input into this settlement, no opportunity to update its claim, and no opportunity to express approval or disapproval over the settlement sum. To add insult to injury, Bell *never* bothered to inform Stromberg of this settlement. Stromberg did not even find out about this October 2000 settlement until documents produced *by the Government* pursuant to a Freedom of Information Act request by Stromberg.

On May 18, 2001, Stromberg submitted its claim to Bell's bonding company in the amount of $797,218.00 for labor and materials. On December 21, 2001, Stromberg revised that amount to $2,034,738.12. Of that amount, $1,756,730.00 remains due and owing.

**Defendant's description of the case:** BELL and USF&G vigorously dispute Stromberg's description of the case as set forth above. BELL and USF&G have filed Answers to Stromberg's Complaint denying the material allegations set forth therein. BELL's defenses allege, *inter alia*, that BELL is not liable for the damages that Stromberg alleges, that Stromberg's claims are barred by unclean hands and other misconduct, that BELL is entitled to an offset, and that Stromberg's claims should be stayed pending the resolution of litigation between BELL and the government pertaining to the Project that is pending in the United States Court of Federal Claims in an action styled as *BELL BCI Company v. United States*, Civil No.

03-1613. USF&G asserted, *inter alia*, the defenses and offsetting claims of its principal, BELL, and denies that it has any liability to Stromberg.

    k.    The parties in this matter respectfully request that this Court set the date for trial after all dispositive motions have been decided.

                              Respectfully submitted,

| /s/ | /s/ |
|---|---|
| William M. Huddles, Esquire<br>Edward N. Hershon, Esquire<br>HUDDLES & JONES, P.C.<br>Overlook Center, Suite 304<br>Columbia, Maryland 21045<br><br>Counsel for Plaintiff,<br>Stromberg Metal Works, Inc. | Richard O. Wolf, Esquire<br>Charlie C. H. Lee, Esquire<br>MOORE & LEE, LLP<br>Suite 1450 Tysons Boulevard<br>McLean, Virginia 22102-4225<br>(signed by Edward N. Hershon with<br>permission of Richard O. Wolf)<br><br>Counsel for Defendants,<br>Bell BCI Company and<br>United States Fidelity &<br>Guaranty Company |