UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA f/u/b STROMBERG METAL WORKS, INC., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. L 02 CV 3188 |
| BELL BCI COMPANY | ) ) ) |
| and | ) ) |
| UNITED STATES FIDELITY AND GUARANTY COMPANY, | ) ) ) ) |
| Defendants. | ) |

**PLAINTIFF'S REPORT REGARDING DEPOSITIONS**

Plaintiff, Stromberg Metal Works, Inc. ("Stromberg"), by undersigned counsel for its report concerning the number of hours for depositions of fact witnesses (exclusive of experts) states as follows:

1. The undersigned counsel conferred with counsel for Defendants, Bell BCI Company ("Bell") and United States Fidelity & Guaranty Company ("USF&G") regarding the number of hours each party requires for depositions. The parties were unable to agree on a total number of hours of depositions.

2. Stromberg anticipates deposing approximately 6 to 10 fact witnesses (exclusive of expert witnesses) which Stromberg reasonably believes may total of 75 hours. However, Bell wants to arbitrarily limit Stromberg's depositions to a total of 42 hours. Given the complexity of the construction project in question, Bell's position on deposition hours may prejudice Stomberg's ability to present its claims.

3. The project is known as the Louis Stokes Laboratories - Building 50 at the National Institutes of Health campus located in Bethesda, Maryland. The construction spanned nearly 5 years and cost in excess of Eighty Million Dollars ($80,000,000). There were literally hundreds and hundreds of change orders issued during construction, which caused significant delays and severely impacted / disrupted Stromberg's work on the project. The additional costs stemming from this impact and delay are included in Stromberg's claim.

4. In addition to the issues surrounding the changes and the resulting impacts to the construction schedule, there are also issues regarding Bell settling claims with the government, including those claims of Stromberg, without first consulting or informing Stromberg.

5. Over the course of the 5 year project, numerous different Bell employees were involved with project scheduling, project delays, settlement of changes and settlement of claims. Likewise numerous different Government employees were involved with the same issues. Further, Bell contracted with dozens of other subcontractors, several of which have also filed actions against Bell. Stromberg's work was often integral to the work of these other subcontractors and when the work of the other subcontractors was impacted or delayed there would be a corresponding impact and/or delay to Stromberg's work. As such Stromberg reasonably believes it may have to take depositions of certain subcontractors.

6. Given these circumstances, the amount of correspondence and documents obtained through discovery will, in all likelihood, total several thousand. In turn, deposition of fact witnesses concerning documents relevant to Stromberg's claim may involve hundreds of documents and the need for several hours of time with each witness.

7.  Stromberg believes it must conduct deposition examinations of the witnesses in sufficient detail in order to elicit all of the relevant facts to prove that Stromberg is entitled to the additional compensation as a result of the delays and impacts it suffered.

8.  In light of the complexity of the project, the number of personnel and subcontractors involved with the project, the anticipated amount of documentation associated with the project and the amount which Stromberg is seeking, Stromberg's request for 75 hours of depositions is not an unreasonable burden to Bell or USF&G.

**WHEREFORE**, Stromberg's requests approval from this Court for a total of 75 hours of depositions (exclusive of expert witnesses) in this matter.

Respectfully submitted,

_____
William M. Huddles
Edward N. Hershon
Huddles & Jones, P.C.
Overlook Center, Suite 304
5457 Twin Knolls Road
Columbia, Maryland 21045

Counsel for Plaintiff,
Stromberg Metal Works, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this ___7th___ day of August, 2003, that I caused a true copy of the foregoing Plaintiff's Report Regarding Depositions to be served via first-class mail, postage prepaid, on counsel for Defendants:

    Richard O. Wolf, Esquire
    Charlie C. H. Lee, Esquire
    Moore & Lee, LLP
    Suite 1450
    1750 Tysons Boulevard
    McLean, Virginia 22102-4225

    _/s/ Edward N. Hershon_
    Edward N. Hershon