UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION AT GREENBELT

| | |
|---|---|
| UNITED STATES OF AMERICA *for the use and benefit of* STROMBERG METAL WORKS, INC., | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. L 02 CV 3188 ) |
| BELL BCI COMPANY, et al. | ) ) ) |
| Defendants. | ) |

**PLAINTIFF, STROMBERG METAL WORKS, INC.'S,
<u>MOTION TO COMPEL DISCOVERY</u>**

Plaintiff, Stromberg Metal Works, Inc., by undersigned counsel, pursuant to Rule 37 of the Federal Rules of Civil Procedure, files this Motion to Compel Defendant, Bell BCI Company ("Bell") to produce certain documents, and in addition, pursuant to Rule 37(a)(4), moves this Court to assess sanctions against Bell BCI Company, and in support of states as follows:

Discovery has only been partially provided or has not been provided by Bell in response to Stromberg's Request for Production of Documents as follows:

1.   Request No. 3:

    a.   Request - Any and all correspondence, written communication, e-mails, statements, and/or other documents relating in any manner to the Project, whether addressed to, received by, or generated by Bell, USF&G, the Owner, the Architect and/or <u>any other person or entity that had any involvement whatsoever with the Project</u>.

    b.   Response – Bell objects to this request on the grounds that it is grossly over broad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. This request demands that Bell produce "Any and all…documents relating in any manner to the Project…generated by Bell, USF&G, the Owner, the Architect and/or <u>any other person or entity that had any involvement whatsoever with the Project</u>" (emphasis in original). This is a blatant "fishing" expedition type of request.

There is no allegation in the Complaint, nor could there be under Fed.R.Civ.P. Rule 11, that "any and all documents" generated by any "<u>person or entity that had any involvement whatsoever with the Project</u>" are relevant to an alleged breach of contract.

        c.    DOCUMENTS NOT PRODUCED – Bell failed to provide any correspondence, communications or any other documents relating to this project whatsoever. Bell's objection to this request is that it is overbroad, burdensome and not reasonably calculated to lead to the discovery of admissible evidence. To the contrary, this request is designed to review the documentation and communications between Bell and the Owner and other subcontractors regarding the thousands of changes in work for this project and how those changes affected Stromberg's work on the project. Moreover, this request is intended to permit Stromberg to discover the communications, including negotiations between Bell and the Owner for additional compensation for extra work performed and delays encountered as a result of changes in the scope of work to the project. As such, this Request for Production of Documents is reasonably calculated to lead to the discovery of admissible evidence.

2.    Request No. 4:

        a.    Request - All internal memoranda, other internal communications (including, but not limited to e-mails), meeting minutes, diaries, calendars, and personal notes that were generated by, or transmitted to, any person employed by Bell that relate in any manner to the Project.

        b.    Response – Bell objects to this request on the grounds that it is grossly over broad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Again, Stromberg was but one of many subcontractors on the Project. Assuming *arguendo* that Bell has documents reflecting "internal communications," to the extent that such documents do not deal with Stromberg and its work on the Project, such documents are irrelevant.

        c.    DOCUMENTS NOT PRODUCED – Bell has failed to produce any requested documents such as internal memoranda, meeting minutes, diaries, calendars or any notes generated in response to the project. Bell objects to this request on the basis that the request is grossly over broad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Again Bell pointlessly states that Stromberg was but one of many subcontractors on the project. The internal documents which Stromberg seeks by way of this request have a direct bearing on the issues raised in this matter. Stromberg is entitled to see Bell's internal documents regarding how Bell treated the delay issues, the requests for additional compensation and the changes on the project. Moreover, these documents may reveal how Bell treated its subcontractors regarding these issues, most importantly, Stromberg. As such, this Request for Production of Documents is reasonably calculated to lead to the discovery of admissible evidence.

4. Request No. 6:

   a. Request- Any and all documents relating in any manner to the original and any revised budgets, bids, and/or estimates for the Project, whether prepared by Bell or prepared by other persons or entities on behalf of Bell including, but not limited to, any quotations, worksheets, tabulations, or other summaries or documents of any kind.

   b. Response - Bell objects to this request on the grounds that it is grossly over broad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Again, Stromberg was but one of many subcontractors on the Project. Documents relating to scopes of work and matters not covered by Stromberg's subcontract with Bell have no relationship to any issue in dispute in this case.

   c. DOCUMENTS NOT PRODUCED – Bell failed to provide any of the requested documents. Bell objects to this request on the basis that the request is over broad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The requested documents are relevant to Stromberg's claims because they will demonstrate what work Bell anticipated performing and the manner in which that work would be performed. The requested documents would also demonstrate whether Bell had a reasonable understanding of the scope of work to be performed and whether all or some of the changes to the project's scope of work could have been mitigated, thereby minimizing the additional costs and impacts to Stromberg. As such, this Request for Production of Documents is reasonably calculated to lead to the discovery of admissible evidence.

5. Request No. 7:

   a. Request - Any and all photographs, videotapes, audiotapes, progress meeting and other meeting minutes, diaries, logs, memoranda, punchlists, inspection reports, daily reports, correspondence, statements, other reports or notes, and/or any other document relating in any manner to the design or construction of the Project, including such documents prepared by Bell and/or prepared by any other person or entity, including but not limited to, Bell's project management team, onsite representatives, consultants, inspectors, agents, the Owner, architect, and/or any engineers.

   b. Response – Bell objects to this request on the grounds that it is grossly over broad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Bell further objects on the ground that is request is duplicative of other requests. Again, Stromberg was but one of many subcontractors on the Project. There is no allegation in the Complaint regarding the design of the Project, or the construction of the Project other than construction work performed by Stromberg.

c. DOCUMENTS NOT PRODUCED – Bell failed to produce any of the documents or other items requested. Bell basis for its objection to this request is that the request is over broad, burdensome and not reasonably calculated to lead to discovery of admissible evidence. Bell further objects on the grounds that this request is duplicative of other requests. It should be noted that if this request is duplicative, Bell has failed to respond to those requests as well. The documents sought by this request include photographs, videotapes, audiotapes as well as other documents. The audio/visual media requested is relevant to demonstrate that the change order work Stromberg performed was complicated due to the fact that many of the changes required Stromberg to remove already installed work and reinstall new work in conditions which severely impacted Stromberg's costs. The other documentation requested is relevant to demonstrate that Bell was aware of the impacts, costs and delays that Stromberg would incur as a result of performing the additional work on the project. As such, this Request for Production of Documents is reasonably calculated to lead to the discovery of admissible evidence.

WHEREFORE, Plaintiff, Stromberg Metal Works, Inc., respectfully requests that this Court enter an order compelling Defendant, Bell BCI Company to produce the documents and information sought within Stromberg's Motion to Compel, and in addition for the award of Stromberg's reasonable expenses and attorneys fees necessitated by Bell's incomplete, evasive and non-responsive discovery, plus such other costs as may be incurred in the resolution of this matter and at hearing, if necessary, and such other amount and such other and further relief as this Court may deem appropriate.

### REQUEST FOR HEARING

Plaintiff, Stromberg Metal Works, Inc., requests this Honorable Court grant an oral hearing pursuant to LCvR 105.6 on its Motion to Compel Discovery.

Respectfully submitted,

By: _____
William M. Huddles (Bar No. 01184)
Edward N. Hershon (Bar No. 22606)
HUDDLES & JONES, P.C.
Overlook Center, Suite 304
5457 Twin Knolls Road
Columbia, MD 21045
(410) 720-0072

Counsel for Plaintiff, Stromberg Metal Works, Inc.

I hereby certify that I have made the good faith efforts to resolve this discovery dispute in accordance with L.Cv.R. 104.7 and L.Cv.R. 104.8(b), with counsel for Defendant, Bell BCI Company. These good faith efforts include correspondence sent on September 15, 2003 and in telephone conferences on September 17, 2003 and September 22, 2003. The issues remaining to be resolved are those issues raised in the Motion herein.

_____
Edward Neil Hershon (Bar No. 22606)

## CERTIFICATE OF SERVICE

I hereby certify on this 10 day of October 2003, that I caused a true copy of the foregoing Plaintiff's Motion to Compel Discovery upon Defendant, Bell BCI to be served via first-class mail, postage prepaid, on counsel for Defendant, Bell BCI:

>Richard O. Wolf, Esquire
>Charlie C. H. Lee, Esquire
>MOORE & LEE, LLP
>Suite 1450
>1750 Tysons Boulevard
>McLean, VA  22102-4225

_____
Edward N. Hershon