UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION AT GREENBELT

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>*for the use and benefit of* )<br>STROMBERG METAL WORKS, INC., )<br>)<br>  Plaintiff, )<br>)<br>  v. )<br>)<br>BELL BCI COMPANY, *et al.*, )<br>)<br>  Defendants. ) | Civil Action No. L 02 CV 3188 |

**STROMBERG's REPLY TO BELL BCI COMPANY's
OPPOSITION TO MOTION TO COPMEL DISCOVERY**

Plaintiff, Stromberg Metal Works, Inc., ("Stromberg") by undersigned counsel, files its Reply to Defendant, Bell BCI Company's ("Bell") Opposition to Motion to Compel Discovery and in support thereof states as follows:

**I.    BACKGROUND**

The project which is at the heart of this dispute is a new construction project known as Building 50 – Consolidated Laboratories (the "project"), located at the National Institutes of Health, Bethesda campus. The project required the construction of a brand new building which includes office space as well as laboratories for scientific and medical research. Due to the nature of the use of the building, some of the systems of the building were of a complicated design to insure that biological and/or chemical hazards were contained and/or neutralized. Bell, the general contractor, subcontracted with Stromberg to fabricate and install the mechanical, HVAC, sheet metal, and ductwork for the project.

There were literally hundreds of changes to the design of the project. Many of these design changes required Stromberg to remove duct work that it had already installed, fabricate new duct, and

install the new duct in the new locations. These changes often required Stromberg to work in spaces which already had other building systems installed, such as plumbing, sprinklers and electrical conduit, thereby taking an extraordinary amount of time to perform the change order work. Most of the changes in the location of the duct work were the result of design changes to the other systems of the building which then impacted where the HVAC duct could be located.

As Bell pointed out in its opposition to Stromberg's motion to compel, Stromberg was but one of many subcontractors performing work on this project. It is, however, Stromberg's contention that it incurred additional costs to perform its work as a result of the hundreds of changes made to the design of the project. These changes to the design were not limited to only Stromberg's work, but rather, they affected literally every subcontractor on the project. As a result, the changes to the design often would impact and cause delay to Stromberg.

## II.    DISCOVERY DISPUTE

Stromberg propounded Interrogatories, Requests for Production of Documents, and two separate Requests for Admissions upon Bell. However, at this time, there is a dispute between the parties regarding several of the individual requests for production of documents. Bell has refused to provide Stromberg certain documents regarding the construction of the project. Specifically, there are four document requests that Bell has refused to fully comply with, they are Requests 3, 4, 6 and 7.

Bell objects to these requests on the basis that the requests are overbroad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Bell has an affirmative duty to demonstrate with particularity those facts which would support its claims that the requested discovery is burdensome and that its objection is not just based on conclusory statements. *See Marens v. Carrabba's Italian Grill, Inc.*, 196 F.R.D. 35, 38 (D. Md. 2000), *Tucker v. Ohtsu Tire & Rubber Co.*, 191 F.R.D.

495, 498 (D. MD. 2000). This affirmative duty could be accomplished through the use of affidavits. *Carrabba's* at 38, citing *Jackson v. Montgomery Ward & Co.*, 173 F.R.D. 524, 528-29 (D. Nev. 1997). Bell has not provided any such documentation to support its assertion that Stromberg's document requests constitute a burden.

Rather, Bell's only support for its objections is its reliance on Fed.R.Civ.P. 26(b)(1), which states in part that the "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party". Bell failed to claim that any of Stromberg's propounded discovery requests are privileged whatsoever. Bell's sole contention in objecting to Stromberg's requested discovery is that the requested discovery is not relevant to Stromberg's claim.

Bell is proposing that this Court adopt a limited interpretation of Rule 26(b)(1) by measuring Stromberg's discovery requests against the claims asserted by Stromberg in its complaint in this matter. The practical effect of such a narrow interpretation of this Rule would, in effect, require all plaintiffs to plead evidentiary facts in lieu of the notice pleading as required in Rule 8 of the Fed.R.Civ.P. *See Thompson v. Department of Housing and Urban Development*, 199 F.R.D. 168, 172 (D.Md. 2001, where Judge Grimm of the United States District Court for the District of Maryland stated in interpreting Rule 26(b)(1), that

> [I]t would be a mistake to argue that no fact may be discovered unless it directly correlates with a factual allegation in the complaint or answer. Such a restrictive approach would run counter to the underlying purpose of the rule changes, as explained by the commentary, run afoul of FED.R.CIV. P. 1, and undoubtedly do disservice to the requirement of notice pleading in Rule 8, as parties would be encouraged to plead evidentiary facts unnecessary to a "short and plain statement of the claim showing that the pleader is entitled to relief' . . . simply to increase the likelihood of getting broader discovery.

Therefore, Bell's interpretation of Rule 26(b)(1), that the relevance of the requested discovery is solely related to Stromberg's claims, is not the bright-line test upon which relevance should be

determined. Rather, there is no bright-line test contrary to Bell's assertions. "The determination whether such information is discoverable because it is relevant to the claims or defenses depends on the circumstances of the pending action." *Behlar v. Hanlon*, 199 F.R.D. 553 (D.Md. 2001) citing Commentary to Rule Changes, Court Rules, 192 F.R.D. 340, 389.

The circumstances of this action as stated above is a Miller Act suit in which Stromberg seeks its unpaid contract balances as well as additional compensation for damages it incurred as a result of the delays and impacts to Stromberg's work on the project. The prime contract for this project was in excess of eighty-five million dollars ($85,000,000) and took over three years to complete. There were many delays as a result of design problems and owner caused changes which impacted most, if not all, of the subcontractors on the project.

Stromberg's discovery requests seeks information regarding the activities on the project which directly or indirectly caused the delays and impacts to Stromberg's work. The requested discovery constitutes information within Bell's possession which shows the change orders that were directed by the owner and/or Bell and the impacts which resulted therefrom.

WHEREFORE, Plaintiff, Stromberg Metal Works, Inc., respectfully requests that this Court enter an order compelling Defendant, Bell BCI Company to produce the documents and information sought within Stromberg's Motion to Compel. In addition, Stromberg also requests an award of its reasonable expenses and attorneys' fees necessitated by Bell's incomplete, evasive and non-responsive discovery, plus such other costs as may be incurred in the resolution of this matter and at hearing, if necessary, and such other amounts and such other and further relief as this Court may deem appropriate.

Respectfully submitted,


By: /S/ Edward N. Hershon
    William M. Huddles (Bar No. 01184)
    Edward N. Hershon (Bar No. 22606)
    HUDDLES & JONES, P.C.
    Overlook Center, Suite 304
    5457 Twin Knolls Road
    Columbia, MD 21045
    (410) 720-0072

Counsel for Plaintiff, Stromberg Metal Works, Inc.


**CERTIFICATE OF SERVICE**


    I hereby certify on this 3rd day of November 2003, that I caused a true copy of the foregoing Plaintiff's Reply to Defendant, Bell BCI Company's Opposition to Motion to Compel Discovery to be served via first-class mail, postage prepaid, on counsel for Defendant, Bell BCI:

    Richard O. Wolf, Esquire
    Charlie C. H. Lee, Esquire
    MOORE & LEE, LLP
    Suite 1450
    1750 Tysons Boulevard
    McLean, VA 22102-4225


    /S/ Edward N. Hershon
    Edward N. Hershon