UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**BENSON EVERETT LEGG**
Chief Judge

101 West Lombard Street
Baltimore, Maryland 21201
(410) 962-0723

December 23, 2003

MEMORANDUM TO COUNSEL RE:   United States of America *for the use and benefit of* Stromberg Metal Works, Inc. v. Bell BCI Company, *et al.*
Civil #L-02-3188

Dear Counsel:

Pending before the Court are the following motions: (i) Plaintiff's Motion to Compel Discovery; (ii) Defendants' Motion for Entry of an Order Regarding Confidentiality of Discovery Material; and (iii) Joint Motion to Extend Discovery, Motions and Deadlines.

Motion to Compel

Plaintiff seeks to compel Defendants to produce documents in response to Plaintiff's document requests numbered 3, 4, 6, and 7. The Court finds that these requests are overbroad. Accordingly, the Court rules as follows:

(i) on or before January 9, 2004, Plaintiff's counsel shall submit a brief letter to Defendants' counsel, with a copy to the Court, describing in simple terms the types of documents Plaintiff is seeking. The letter shall avoid phrases such as "each and every," "of every description," and other confusing and vague phrases;

(ii) if Defendants' counsel has any questions about Plaintiff's counsel's letter, Defendants' counsel shall call Plaintiff's counsel and discuss the issue. To avoid the necessity for overbroad requests, Defendants shall interpret Plaintiff's requests professionally with the understanding that all documents reasonably described therein will be produced and a thorough search for all documents will be undertaken;

(iii) on or before January 16th, Defendants' counsel shall submit a letter to Plaintiff's counsel, with a copy to the Court, stating whether Defendants will produce the requested documents. If Defendants will not produce any of the requested documents, the letter shall explain the reason why;

    (iv)    on or before January 23rd, the parties shall file a joint status report advising the Court whether they have resolved the issues raised in the motion to compel; and

    (v)    the Court understands that Edward Hershon, Esquire, one of the attorneys representing Plaintiff, will soon be undergoing surgery. Accordingly, Counsel may adjust the above deadlines if necessary to accommodate Mr. Hershon's recuperation, provided the parties advise the Court in writing of the new deadlines.

Motion for Confidentiality Order

Defendants have requested the Court to enter a proposed confidentiality order that is modeled virtually verbatim on the "Stipulated Order Regarding Confidentiality of Discovery Material" that is set forth in Appendix D of the Court's Local Rules. Plaintiff has refused to sign the confidentiality order, claiming that such an order is neither necessary nor appropriate because Plaintiff has not requested any confidential information from Defendants. The proposed confidentiality order, however, is not a blanket order and contains a mechanism allowing Plaintiff to challenge Defendants' designation of material as confidential. Accordingly, the Court rules as follows:

    (i)    on or before January 9th, Counsel shall enter into a confidentiality order modeled after the version set forth in Appendix D of the Local Rules. Counsel may slightly modify the order if necessary to conform it to the particulars of this case;

    (ii)    on or before January 9th, Counsel shall file a joint status report stating whether they have entered into a confidentiality order;

    (iii)    if Counsel are unable to agree on the language of the order, the Court will issue the confidentiality order that is located in Appendix D of the Local Rules; and

    (iv)    Counsel are at liberty to revise the January 9th deadline in light of Mr. Hershon's surgery, provided they advise the Court in writing of the new deadline.

Joint Motion to Extend Deadlines

The Court will rule on this motion after it receives the parties' joint status reports advising whether they have resolved their discovery disputes.

Despite the informal nature of this memorandum, it shall constitute an Order of the Court and the Clerk is directed to docket it accordingly.

Very truly yours,

/s/

Benson Everett Legg

c:   Court file