UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION AT GREENBELT

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*for the use and benefit of*<br>STROMBERG METAL WORKS, INC.<br><br>Plaintiff/Counter-Defendant,<br><br>v.<br><br>BELL BCI COMPANY, *et al.*,<br><br>Defendant/Counter-Plaintiff. | Civil Action No. L 02 CV 3188 |

**BELL BCI COMPANY'S OBJECTIONS AND ANSWERS TO
PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS**

Pursuant to Fed.R.Civ.P. Rule 36, BELL BCI Company ("BELL") hereby makes the following Objections and Responses to Stromberg Metal Works, Inc.'s ("Stromberg") First of Request for Admissions (the "Requests"):

**GENERAL OBJECTIONS**

1.  BELL objects to the Requests to the extent that they purport to impose discovery requirements and/or obligations that are inconsistent with or exceed the Federal Rules of Civil Procedure or the Local Rules of this Court.

2.  BELL objects to each Request to the extent that it calls for information protected by the attorney-client privilege, the work product doctrine, and/or any confidential and proprietary privileged information held by BELL or any other applicable privilege.

3.  BELL objects to each Request which is unduly burdensome, oppressive, vague and ambiguous, overly broad, annoying and harassing, unreasonably cumulative or duplicative.

EXHIBIT 3

4. BELL objects to each Request to the extent that it calls for a legal conclusion.

5. BELL objects to each Request to the extent that Stromberg seeks information that is neither relevant to the subject matter involved in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

6. BELL objects to each Request to the extent that Stromberg failed to phrase its requests with clarity and fairness.

7. BELL incorporates by reference all of the above general objections into its specific objections below.

8. BELL reserves the right to seek an appropriate protective order with regard to any of the objections or privileges contained herein.

## RESPONSES

### ADMISSION NO. 1:

The document attached hereto as Exhibit A is a true and accurate copy of Contract Modification No. 093 between Bell and the Government.

#### RESPONSE:

Denied.

### ADMISSION NO. 2:

Contract Modification No. 093 dated October 2, 2000, settled with the Government Stromberg's claims for all delays resulting from any and all Government changes transmitted to Bell on or before August 31, 2000.

#### RESPONSE:

Denied

ADMISSION NO. 3:

Bell did not consult with SSM regarding the settlement that resulted in Contract Modification 093.

RESPONSE:

BELL objects to this request because it is phrased in a manner that, without any factual support, implies that BELL was under a duty to consult with Stromberg. BELL further objects because this request is vague. Stromberg does not define or explain how the term "settlement" is being used in connection with the referenced contract modification. Denied.

ADMISSION NO. 4:

Bell failed to notify Stromberg of the settlement reached between Bell and the Government which resulted in Contract Modification 093.

RESPONSE:

BELL objects to this request because it is phrased in a manner that, without any factual support, implies that BELL was under a duty to notify Stromberg. BELL further objects because this request is vague. Stromberg does not define or explain how the term "settlement" is being used in connection with the referenced contract modification. Denied.

ADMISSION NO. 5:

The Contracting Officer's Final Decision, dated July 1, 2002, denies Bell's claim for an equitable adjustment and time extension on the basis that Contract Modification No. 093 expressly released the Owner from any charges transmitted to Bell on or before August 31, 2000.

RESPONSE:

Denied as phrased. The Contracting Officer's Final Decision expressly states several bases for the denial of BELL's claim for an equitable adjustment.

3

ADMISSION NO. 6:

Stromberg was delayed a total of 641 days in the completion of its work as a result of changes to its scope of work.

RESPONSE:

Denied as phrased. Stromberg represented to BELL that it incurred 641 days of delay. Based on Stromberg's representation, BELL "passed through" Stromberg's delay claim to the Government.

ADMISSION NO. 7:

By executing Contract Modification 093, Bell expressly released the Government from all delays resulting from any and all Government changes transmitted to Bell on or before August 31, 2000.

RESPONSE:

BELL objects to this request because it calls for a legal conclusion. Denied.

ADMISSION NO. 8:

Bell has not issued SSM any subcontract Change Orders extending the time for the completion of SSM's subcontract work.

RESPONSE:

BELL objects to this request because it is phrased in a manner that, without any factual support, implies that BELL was or is under a duty to issue a change order to Stromberg extending the time for Stromberg's performance. Stromberg's subcontract with BELL lists several conditions that must be met in order for the time for Stromberg's work to be extended, including Stromberg's timely notice of delay to BELL and BELL's receipt of a time extension from the Government. Denied as phrased.

4

                              Respectfully submitted,

                              BELL BCI COMPANY

                              By counsel: */s/ Richard O. Wolf*

                              Richard O. Wolf (FBN 04989)
                              MOORE & LEE, LLP
                              1750 Tysons Boulevard, Suite 1450
                              McLean, Virginia 22102-4225
                              Telephone: (703) 506-2050
                              Facsimile: (703) 506-2051

Dated: September 5, 2003            E-Mail: r.wolf@mooreandlee.com

Of Counsel:

Charlie C.H. Lee
MOORE & LEE, LLP
1750 Tysons Boulevard, Suite 1450
McLean, Virginia 22102-4225
Telephone: (703) 506-2050
Facsimile: (703) 506-2051
E-Mail: c.lee@mooreandlee.com

5

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of September, 2003 I caused a true copy of the foregoing to be served via facsimile and first-class mail on counsel for the plaintiff:

William M. Huddles, Esquire
Edward N. Hershon, Esquire
Huddles & Jones, P.C.
Overlook Center, Suite 304
5457 Twin Knolls Road
Columbia, Maryland 21045

_____
Richard O. Wolf