UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION AT GREENBELT

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br>*for the use and benefit of*<br>STROMBERG METAL WORKS, INC.<br><br>Plaintiff/Counter-Defendant,<br><br>v.<br><br>BELL BCI COMPANY, *et al.*,<br><br>Defendant/Counter-Plaintiff. | Civil Action No. L 02 CV 3188 |

## BELL BCI COMPANY'S OBJECTIONS AND ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

Pursuant to Fed.R.Civ.P. Rule 33 and Local Rule 104, BELL BCI Company ("BELL") hereby makes the following Objections and Answers to Stromberg Metal Works, Inc.'s ("Stromberg") First Set of Interrogatories.

### OBJECTIONS APPLICABLE TO ALL INTERROGATORIES

1. BELL objects to Stromberg's Interrogatories to the extent that they call for information protected by the attorney-client privilege, the work product doctrine, and/or any confidential and proprietary privileged information held by BELL, or any other applicable privilege.

2. BELL objects to Stromberg's Interrogatories to the extent that they purport to impose discovery requirements and/or obligations that are inconsistent with and/or exceed those set forth in the Federal Rules of Civil Procedure and/or the Local Rules.


EXHIBIT 4

3.  BELL reserves the right to seek an appropriate protective order with regard to any of the objections or privileges asserted herein.

4.  All answers made herein are subject to and made without waiver of BELL's objections.

## ANSWERS

### INTERROGATORY NO. 1

Identify all persons who may have personal knowledge of the facts and circumstances relevant to Stromberg's Complaint, setting forth the personal knowledge of each individual so identified.

### ANSWER TO INTERROGATORY NO. 1

BELL objects to this interrogatory on the grounds that it is overbroad and discovery has not been completed. Without waiver of its objections, BELL directs Stromberg's attention to the individuals listed in the parties' Initial Disclosures

### INTERROGATORY NO. 2

Identify each person who drafted, participated in drafting, commented upon, or supplied information for use in any response to these interrogatories. For each such person, identify the interrogatory response(s) in which the person was involved and the extent and nature of the involvement.

### ANSWER TO INTERROGATORY NO. 2

*See* Objection No. 1 above. Counsel and Chuck Swain.

### INTERROGATORY NO. 3

Identify all delays (from ground breaking through punch list) to the original Project schedule, including a description of each delay and the reason therefore, the party that you allege is responsible for the delay, the length of the delay, and whether any party to any related contract is claiming damages as a result of the delay. Identify and attach to your response a copy of all related documents including project schedule, fragnets, etc.

### ANSWER TO INTERROGATORY NO. 3

BELL objects to this interrogatory on the grounds that it is grossly overbroad, vague, and not reasonably calculated to lead to the discovery of admissible evidence in this action. BELL further objects to the extent that the interrogatory purports to require BELL to respond to a document request other than in the manner set forth in Fed.R.Civ.P. Rule 34. Stromberg did not work on the Project "from ground breaking through punch list," nor has Stromberg alleged any specific delay that it alleges was caused by "all delays (from ground breaking through punch list) to the original Project schedule." Rather, the delay that Stromberg has alleged as relevant to this action was set forth in Stromberg's transmittal to BELL dated March 5, 2002. Based on Stromberg's representations regarding its alleged delay, BELL transmitted Stromberg's delay claim to the Government.

### INTERROGATORY NO. 4

Identify the duration that BELL and Stromberg contemplated for Stromberg's contract work at the time the subcontract between Stromberg and BELL was entered into, and explain the factual basis for your answer including an identification of any documents that support your answer.

3

### ANSWER TO INTERROGATORY NO. 4

BELL objects to this interrogatory on the grounds that it is phrased in a manner that improperly requires BELL to speculate as to what "Stromberg contemplated." The subcontract between BELL and Stromberg speaks for itself. BELL contemplated that Stromberg would abide by the terms and conditions of the Stromberg and perform its work in accordance therewith.

### INTERROGATORY NO. 5

Identify any other claims and/or allegations of delay made by any person or entity involved in any manner with the project, including a specific identification of the factual circumstances surrounding such allegation and/or claim and an identification of all documents related thereto.

### ANSWER TO INTERROGATORY NO. 5

BELL objects to this interrogatory on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Claims for delay by entities other than Stromberg are irrelevant to this action.

### INTERROGATORY NO. 6

With respect to all claims made by Stromberg during the project (whether related to delay, change order work, design deficiencies, or any other cause whatsoever) identify the person(s) at BELL reviewing such claim, and BELL's position with regard to entitlement and quantum.

### ANSWER TO INTERROGATORY NO. 6

BELL objects to this interrogatory because it is overly broad and fails to identify any "claim" that Stromberg alleges it made during the project. BELL cannot state a position

4

regarding "entitlement and quantum" due to Stromberg's failure to specify the "claims" it is referring to in this interrogatory. As noted above, however, BELL did transmit Stromberg's delay claim to the Government.

### INTERROGATORY NO. 7

If it is your allegation that Stromberg is not entitled to be compensated for delay to the Project, set forth the legal and factual basis for your allegations and identify all documents related thereto. Your Answer should include but not be limited to an identification of the sum of money you claim is actually owed by BELL to Stromberg.

### ANSWER TO INTERROGATORY NO. 7

Stromberg's entitlement to recover for delay is governed by the terms and conditions of the subcontract between BELL and Stromberg. As set forth in the subcontract, Stromberg is entitled to be compensated for delay only to the extent that Stromberg complied with the subcontract's notice requirements and to the extent that BELL recovers from the Government. At this time, the Government has not paid BELL any compensation for the delay that Stromberg alleges it incurred. Thus, at this time, BELL does not owe Stromberg any sum of money for alleged delay.

### INTERROGATORY NO. 8

If you contend that Stromberg failed, in any way, to satisfactorily perform any of the required work on the project, state all facts and identify all documents upon which you base such contention, including in your answer the nature and value of such work, including any remedial or corrective actions taken by BELL for any alleged problems with Stromberg's work.

ANSWER TO INTERROGATORY NO. 8

Stromberg failed to provide BELL with proper Partial Lien and Claim Waiver and Affidavit(s) (the "Waivers"). Stromberg improperly altered several of the Waivers and did not disclose its alterations to BELL. BELL may amend this answer as discovery progresses.

VERIFICATION

The foregoing responses are true and correct to the best of my knowledge and belief.

BELL BCI COMPANY


_____
Chuck Swain


Subscribed and sworn before me this ____ day of September, 2003.



_____
Notary Public

My Commission expires: _____


As to prior objections;

_____
Richard Q. Wolf (FBN 04989)
MOORE & LEE, LLP
1750 Tysons Boulevard, Suite 1450
McLean, Virginia 22102-4225
Telephone: (703) 506-2050
Facsimile: (703) 506-2051
E-Mail: r.wolf@mooreandlee.com

Dated: September 5, 2003

Of Counsel:

Charlie C.H. Lee
MOORE & LEE, LLP
1750 Tysons Boulevard, Suite 1450
McLean, Virginia 22102-4225
Telephone: (703) 506-2050
Facsimile: (703) 506-2051
E-Mail: c.lee@mooreandlee.com

7

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of September, 2003 I caused a true copy of the foregoing to be served via facsimile and first-class mail on counsel for the plaintiff:

William M. Huddles, Esquire
Edward N. Hershon, Esquire
Huddles & Jones, P.C.
Overlook Center, Suite 304
5457 Twin Knolls Road
Columbia, Maryland  21045

_____
Richard O. Wolf