UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION AT GREENBELT

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*for the use and benefit of*<br>STROMBERG METAL WORKS, INC.<br><br>Plaintiff/Counter-Defendant,<br><br>v.<br><br>BELL BCI COMPANY, *et al.*,<br><br>Defendant/Counter-Plaintiff. | Civil Action No. L 02 CV 3188 |

### BELL BCI COMPANY'S AMENDED RESPONSES TO PLAINTIFF'S SECOND REQUEST FOR ADMISSIONS

Pursuant to Fed.R.Civ.P. Rule 36, BELL BCI Company ("BELL") hereby makes the following Amended Responses to Stromberg Metal Works, Inc.'s ("Stromberg") Second of Request for Admissions (the "Requests"):

#### AMENDED RESPONSES

**ADMISSION NO. 9:**

The document attached hereto as Exhibit A is a true and accurate copy of correspondence dated June 3, 2003, from BELL to Barbara Taylor, the Health & Human Services contracting officer on the project known as National Institutes of Health, Building 50.

**AMENDED RESPONSE:**

BELL objects to any use of Ex. A because that letter reflects an offer of compromise under Fed.R.Evid. Rule 408. Notwithstanding its objection, it is admitted that Ex. A, as faxed to BELL on September 16, 2003, is a true and accurate copy.



ADMISSION NO. 10:

As indicated in Exhibit A, BELL believed the total amount of all of its subcontractors' claims were only worth a maximum of $2,500,000.

AMENDED RESPONSE:

Denied as phrased. As expressly stated in Ex. A, the statements in BELL's letter were made in the context of settlement negotiation with the Government in an effort to avoid the expense, delay and uncertainty of litigation. Thus, Ex. A reflects an offer of compromise under Fed.R.Evid. Rule 408. Further, after June 3, 2003 (*i.e.*, the date of Ex. A), BELL filed a Complaint against the Government in the United States Court of Federal Claims in an action styled as *BELL BCI Company* v. *United States*, No. 03-1613C. In paragraph (v) of the *ad damnum* clause to that Complaint regarding claims by subcontractors that had been submitted to the Government, BELL requested "<u>damages in excess of $2,500,000.00 for the claims set forth therein</u>, plus interest, legal fees and costs to the extent allowed by the Contract and/or law, and such further relief that this Court deems just and proper" (emphasis added).

ADMISSION NO. 12:

In BELL's letter of June 3, 2003, BELL submitted to the Government all of Stromberg's claimed additional costs for schedule impact and delay.

AMENDED RESPONSE:

Denied. The purpose of BELL's June 3, 2003 letter was not to transmit Stromberg's claim. Rather, as stated in BELL's initial responses, BELL had previously submitted all of Stromberg's claim to the Government on or about April 5, 2002. BELL's June 3, 2003 letter expressly states that it was sent in connection with settlement negotiation with the Government in an effort to avoid the expense, delay and uncertainty of litigation. Those negotiations did not

culminate in a settlement. Rather, as Stromberg is aware, after June 3, 2003, BELL filed suit against the Government in the United States Court of Federal Claims in an action styled as *BELL BCI Company* v. *United States*, No. 03-1613C, and has requested, *inter alia*, to have the Government's denial of subcontractor claims (including Stromberg's) overruled.

### ADMISSION NO. 13:

In BELL's letter of June 3, 2003, BELL did not submit to the Government all of Stromberg's claimed additional costs for schedule impact and delay.

#### AMENDED RESPONSE:

Denied. The purpose of BELL's June 3, 2003 letter was not to transmit Stromberg's claim. Rather, as stated in BELL's initial responses, BELL had previously submitted all of Stromberg's claim to the Government on or about April 5, 2002. BELL's June 3, 2003 letter expressly states that it was sent in connection with settlement negotiation with the Government in an effort to avoid the expense, delay and uncertainty of litigation. Those negotiations did not culminate in a settlement. Rather, as Stromberg is aware, after June 3, 2003, BELL filed suit against the Government in the United States Court of Federal Claims in an action styled as *BELL BCI Company* v. *United States*, No. 03-1613C, and has requested, *inter alia*, to have the Government's denial of subcontractor claims (including Stromberg's) overruled.

### ADMISSION NO. 16:

As indicated in Exhibit A, BELL believed its Subcontractors, including Stromberg, were entitled to compensation for 248 days of schedule impact.

#### AMENDED RESPONSE:

Denied as phrased. The statements in Ex. A reflect an offer of compromise under Fed.R.Evid. Rule 408. Further, after June 3, 2003 (*i.e.*, the date of Ex. A), BELL filed a

Complaint against the Government in the United States Court of Federal Claims in an action styled as *BELL BCI Company* v. *United States*, No. 03-1613C. In paragraph (v) of the *ad damnum* clause to that Complaint regarding claims by subcontractors that had been submitted to the Government, BELL requested "damages in excess of $2,500,000.00 for the claims set forth therein, plus interest, legal fees and costs to the extent allowed by the Contract and/or law, and such further relief that this Court deems just and proper" (emphasis added).

### ADMISSION NO. 17:

The document attached hereto as Exhibit B is a true and accurate copy of correspondence dated June 23, 2003, from Barbara Taylor, Department of Health & Human Services contracting officer to BELL

#### AMENDED RESPONSE:

Admitted.

### ADMISSION NO. 18:

As indicated in Exhibit B, BELL's request for 248 calendar days of schedule impact in the amount of $2,2728,00 and BELL's subcontractor delay claims totaling $2,500,00 were addressed in the Government's July 1, 2002 Contracting Officer's Final Decision letter.

#### AMENDED RESPONSE:

Admitted only that in Ex. B the Government asserts that the Contracting Officer's July 1, 2002 final decision letter addressed subcontractor delay claims. BELL is constrained to point out, however, that the Government's assertion in Ex. B regarding the issues purportedly addressed in the July 1, 2002 final decision letter is not binding as to BELL. The July 1, 2002 final decision letter speaks for itself with regard to the amount of impact and delay claims that

4

were <u>actually</u> addressed therein.  Further, as BELL as repeatedly stated, it transmitted Stromberg's entire delay claim to the Government.

                Respectfully submitted,

                BELL BCI COMPANY

                By counsel:

                _____
                Richard O. Wolf (FBN 04989)
                MOORE & LEE, LLP
                1750 Tysons Boulevard, Suite 1450
                McLean, Virginia  22102-4225
                Telephone:  (703) 506-2050
                Facsimile:  (703) 506-2051

Dated: September 17, 2003        E-Mail:  r.wolf@mooreandlee.com

<u>Of Counsel</u>:

Charlie C.H. Lee
MOORE & LEE, LLP
1750 Tysons Boulevard, Suite 1450
McLean, Virginia  22102-4225
Telephone:  (703) 506-2050
Facsimile:  (703) 506-2051
E-Mail:  c.lee@mooreandlee.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of September, 2003 I caused a true copy of the foregoing to be served via facsimile and first-class mail on counsel for the plaintiff:

William M. Huddles, Esquire
Edward N. Hershon, Esquire
Huddles & Jones, P.C.
Overlook Center, Suite 304
5457 Twin Knolls Road
Columbia, Maryland 21045

_____
Richard O. Wolf