# MOORE & LEE, LLP

ATTORNEYS AT LAW

1650 Tysons Boulevard, Suite 1150
McLean, Virginia 22102-4225

Telephone (703) 506-2050
Facsimile (703) 506-2051
www.mooreandlee.com

SOUTH FLORIDA OFFICE
500 East Broward Boulevard, Suite 1820
Ft. Lauderdale, Florida 33394

Richard O. Wolf

May 20, 2008

Via Email and First-Class Mail

Edward N. Hershon, Esq.
Metals, Inc.
6701 Distribution Drive
Beltsville, Maryland 20705

Re: BELL BCI – Stromberg Metal Works, Inc.

Dear Ed:

I have been fully engaged on another matter and, therefore, have been unavoidably delayed in responding to your prior email and voice-mail message regarding Stromberg's alleged claims against BELL. For the reasons discussed below, BELL does not owe Stromberg any monies beyond those that ultimately may be collected in accordance with the judgment rendered in BELL's favor by the United States Court of Federal Claims in its Opinion and Order filed on April 21, 2008 (the "Order").

On January 22, 2004, BELL and Stromberg (the "Parties") entered into a written agreement (the "Settlement Agreement") that settled Stromberg's claims for contract balance and extra work, and identified two (2) limited circumstances under which Stromberg could continue to maintain its alleged other claims.[1] Specifically, the Parties agreed as follows:

1. BELL paid Stromberg "$66,817.00 in full settlement of Stromberg's claims for contract balance and extra work . . ." See Settlement Agreement, ¶ 1.

2. In exchange for that payment, Stromberg agreed that the "only damages claim remaining . . . against BELL and [BELL's surety] is Stromberg's claim for $1,228,789.00, based on alleged extended field overhead and impact delay (hereinafter 'delay claim')." See Settlement Agreement, ¶ 1.

3. BELL agreed that it would "ask the Court of Federal Claims to make separate findings regarding Stromberg's delay claim." See Settlement Agreement, ¶ 4. As

---

[1] A copy of the Parties' Settlement Agreement is enclosed.


EXHIBIT 13

Edward N. Hershon, Esq.
May 20, 2008
Page 2

    you know, BELL made that request and the Court made separate findings. *See* Order at pp. 24-26, and 35.

4. In return, Stromberg agreed that, "[s]ubject to ¶ 5" of the Settlement Agreement, it would "accept the Court of Federal Claims findings and damages award, if any." *See* Settlement Agreement, ¶ 4 (emphasis added). Once again, you know that the Court of Federal Claims made findings regarding Stromberg's claims and held that Stromberg was entitled to recover $812,092.00, with interest to be calculated in accordance with the Contract Disputes Act from April 5, 2002, up through the date of payment by the Government. *See* Order at pp. 24-26 and 36. As of this date, however, the Government has not made any payment. Furthermore, the time for Government to file a notice of appeal from the judgment entered by the Court of Federal Claims has not expired.

5. The Settlement Agreement identified only two (2) alternative circumstances that could entitle Stromberg to renew its claims against BELL, neither of which is applicable. First, Stromberg could renew its claims against BELL "[i]n the event that the Court of Federal Claims determine[d] that BELL did something to prejudice Stromberg's delay claim . . ." *See* Settlement Agreement, ¶ 5. No such determination was made by the Court of Federal Claims. Second, Stromberg could renew its claims against BELL "if BELL and the Government reach a settlement in the Court of Federal Claims litigation and Stromberg, in good faith, is not satisfied with the amount of proceeds, if any, that BELL in its discretion allocates to Stromberg . . ." *Id.* No such settlement between BELL and the Government has been reached.

    In sum, BELL has met all of its obligations to Stromberg under the Settlement Agreement and there is no basis for Stromberg to assert any claims against BELL. When any appeal from the Court of Federal Claims' Order becomes final and if the Government pays whatever it owes for Stromberg's claims, BELL will promptly forward such payment to Stromberg. Until then, however, BELL does not owe anything to Stromberg.

                                            Very truly yours,

                                            MOORE & LEE, LLP

                                            Richard O. Wolf

Encl.

WILLIAM M. HUDDLES (MD, DC)
ROGER C. JONES (VA)
KENNETH K. SORTEBERG (MD, DC)
MARK S. DACHILLE (MD)

EDWARD N. HERSHON (MD)
VERONICA B. MEADE SHEPPARD (MD)
JOHN H. MICHEL (MD)
SCOTT C. HEPPS (MD, VA)

Law Offices

## HUDDLES & JONES, P.C.

OVERLOOK CENTER, SUITE 304
5457 TWIN KNOLLS ROAD
COLUMBIA, MARYLAND 21045-3259

www.constructionlaw.com

DC METRO
(301) 621-4120
Fax (301) 621-4473

BALTIMORE METRO
(410) 720-0072
(410) 720-0559 Fax

Writer's Direct E-Mail

January 22, 2004

VIA FACSIMILE (703-506-2051)
AND FIRST CLASS MAIL

Richard O. Wolf, Esq.
Moore & Lee, LLP
1750 Tysons Boulevard, Suite 1450
McLean, Virginia 22102-4225

    RE: *Stromberg Metal Works, Inc. v. Bell BCI Company, et al.*,
          United States District Court for the District of Maryland
          Case No.: L 02 CV 3188

Dear Mr. Wolf:

    Enclosed please find a copy of your letter of even date confirming the oral agreement reached today between our respective clients. I have executed the document on behalf of Stromberg.

    Please contact me either late this afternoon or tomorrow so that we can proceed to inform the court of our arrangement.

Sincerely,

William M. Huddles

Enclosure

cc:    Roger C. Jones, Esq.

# MOORE & LEE, LLP

ATTORNEYS AT LAW

1750 Tysons Boulevard, Suite 1450
McLean, Virginia 22102-4225

Telephone (703) 506-2050
Facsimile (703) 506-2051
www.mooreandlee.com

Richard O. Wolf                          January 22, 2004

<u>Via Facsimile And First-Class Mail</u>

William M. Huddles, Esquire
Roger C. Jones, Esquire
Huddles & Jones, P.C.
Overlook Center, Suite 304
5457 Twin Knolls Road
Columbia, Maryland 21045

Re:   <u>U.S.A. f.u.b. of Stromberg Metal Works, Inc. v. BELL BCI Company, et al.</u>,
Civil No. L 02 CV 3188, U.S. District Court for the District of Maryland

Dear Counsel:

This letter shall confirm the oral agreement that we reached today on behalf of our respective clients reached in the above-referenced action to settle Stromberg Metal Works, Inc.'s ("Stromberg") claims for contract balance and extra work and to stay Stromberg's other claims until the final conclusion of BELL BCI Company's ("BELL") litigation against the Government that is pending in the United States Court of Federal Claims, No. 03-1613-C (hereinafter "Court of Federal Claims litigation"). The parties have agreed as follows:

1.   By January 30, 2004, BELL will pay Stromberg $66,817.00, in full settlement of Stromberg's claims for contract balance and extra work in the above-referenced action. The parties' subcontract records will be reconciled to account for the payment. The only damages claim remaining in the above-referenced action against BELL and USF&G is Stromberg's claim for $1,228,799.00, based on alleged extended field overhead and impact delay (hereinafter "delay claim").

2.   Stromberg will stay its delay claim against BELL and USF&G until the final conclusion of the Court of Federal Claims litigation. Thus, the above-referenced action will be stayed in its entirety until the final conclusion of the Court of Federal Claims litigation.

3.   Upon BELL's request, Stromberg will cooperate with BELL in BELL's prosecution of Stromberg's delay claim in the Court of Federal Claims litigation, including providing an expert witness, if necessary. Stromberg shall bear the

William M. Huddles, Esquire
Roger C. Jones, Esquire
January 22, 2004
Page 2

       costs associated therewith. BELL shall retain full control and discretion with regard to the prosecution and resolution of Stromberg's delay claim.

4. BELL will ask the Court of Federal Claims to make separate findings regarding Stromberg's delay claim. Subject to ¶ 5 below, Stromberg will accept the Court of Federal Claims findings and damages award, if any.

5. In the event that the Court of Federal Claims determines that BELL did something to prejudice Stromberg's delay claim, or if BELL and the Government reach a settlement in the Court of Federal Claims litigation and Stromberg, in good faith, is not satisfied with the amount of settlement proceeds, if any, that BELL in its discretion allocates to Stromberg, then Stromberg may, after the final conclusion of the Court of Federal Claims litigation, move to lift the stay in the above-referenced action and proceed on its delay claim. In that event, Stromberg's delay claim will not exceed the amount of $1,228,799, exclusive of interest, that is set forth in the expert report and supplemental interrogatory answers that Stromberg submitted in the above-referenced action.

6. By tomorrow, the parties will jointly contact the Court via telephone and/or in writing to advise it of this agreement.

7. Although the parties have reached a binding oral agreement, the parties intend to further memorialize their agreement in a separate writing.

Please sign at the space below and return a copy to me via facsimile. Thank you.

                    Very truly yours,

                    MOORE & LEE, LLP

                    Richard O. Wolf

SEEN AND AGREED:
Stromberg Metal Works, Inc.

By counsel:

William M. Huddles