UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*for the use and benefit of*<br>STROMBERG METAL WORKS, INC.<br><br>　　　　　PLAINTIFF,<br><br>v.<br><br>BELL BCI COMPANY and UNITED STATES<br>FIDELITY & GUARANTY COMPANY,<br><br>　　　　　DEFENDANTS. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 1:02-cv-3188-BEL<br>)<br>)<br>)<br>)<br>)<br>) |

**OPPOSITION OF UNITED STATES FIDELITY & GUARANTY COMPANY
TO PLAINTIFF'S MOTION TO REOPEN CASE AND LIFT STAY**

Pursuant to Local Rule 105, United States Fidelity & Guaranty Company ("USF&G") ("USF&G") respectfully submits this Opposition to the Motion to Reopen Case and Lift Stay filed by the plaintiff, Stromberg Metal Works, Inc. ("Stromberg") ("Stromberg's Motion").

**I.　　STROMBERG'S CLAIM AGAINST USF&G SHOULD REMAIN STAYED**

On January 22, 2004, Stromberg entered into a written partial settlement agreement (the "Partial Settlement Agreement") with USF&G and BELL BCI Company ("BELL"). A copy of the Partial Settlement Agreement is attached as Exhibit 1. As expressly stated therein, Stromberg agreed to stay its claim against USF&G[1] until the final conclusion of the litigation between BELL BCI Company ("BELL") and the United States (the "Government") involving the construction project underlying this action. *See* Exhibit 1, Partial Settlement Agreement, ¶ 2.

---

[1]　　Stromberg's Complaint in this action asserts two counts. Count I, which is styled as "Payment Bond Action," is the only count which purports to state a claim against USF&G.

The Memorandum that Stromberg filed in support of its Motion notes that the litigation between BELL and the Government remains ongoing.  *See* Stromberg's Memorandum at p. 11.

Stromberg's Motion is premised entirely on allegations that BELL breached the Partial Settlement Agreement, and/or that alleged actions by BELL should allow the stay to be lifted.  Stromberg has made no allegation that USF&G breached the Partial Settlement Agreement, or otherwise engaged in conduct that would excuse Stromberg from honoring its agreement to stay its claim against USF&G.  Thus, even assuming *arugendo* that Stromberg's allegations about BELL had any merit, Stromberg has failed to present any basis for lifting the stay of its claim against USF&G.

## II.   CONCLUSION

For the foregoing reasons, Stromberg's Motion should be denied as it pertains to USF&G, and its claim against USF&G should remain stayed until the final conclusion of the litigation between BELL and the Government.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | UNITED STATES FIDELITY & GUARANTY COMPANY |
|  | By counsel: |
| Dated:  August 25, 2008 | /s/ Richard O. Wolf |
|  | Richard O. Wolf (Bar No. 04989) |
| Of Counsel: | MOORE & LEE, LLP |
| Charlie C.H. Lee | 1650 Tysons Boulevard, Suite 1150 |
| MOORE & LEE, LLP | McLean, Virginia  22102 |
| 1650 Tysons Boulevard, Suite 1150 | Tel:  (703) 506-2050 |
| McLean, Virginia  22102 | Fax:  (703) 506-2051 |
| (703) 506-2050 | E-mail: r.wolf@mooreandlee.com |

2

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of August, 2008, I caused a true and correct copy of the foregoing to be served via the Court's ECF procedures on plaintiff' counsel:

    Nicole Lefcourt Campbell, Esq.
    William M. Huddles, Esq.
    Huddles Jones Sorteberg & Dachille, P.C.
    10211 Wincopin Circle, Suite 200
    Columbia, Maryland  21044

    Edward N. Hershon, Esq.
    Metals, Inc.
    6701 Distribution Drive
    Beltsville, Maryland 20705

                                                                _/s/  Richard O. Wolf_
                                                               Richard O. Wolf