# EXHIBIT 6

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| BELL BCI COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE UNITED STATES OF AMERICA, )<br>)<br>Defendant. )<br>) | No. 03-1613C<br>(Judge Wolski) |

**PLAINTIFF'S EXPERT WITNESS DESIGNATIONS AND
SUPPLEMENTATION OF INTERROGATORY RESPONSES
REGARDING EXPERT WITNESSES**

Defendant BELL BCI Company ("BELL"), hereby makes the enclosed expert witness designations. These designations also supplement Defendant's previous interrogatory response pertaining to expert witnesses.

**Experts Retained Pursuant to RCFC 26(a)(2)(B):**

(1) Patrick W. Brannon, P.E. of Oxley & Brannon Construction Consultants, Inc. The expert report prepared by Mr. Brannon has been served upon opposing counsel with this pleading. This report provides the information required by RCFC 26(a)(2)(B). Mr. Brannon's report is also submitted as a supplement to Defendant's previous interrogatory response to Defendant's interrogatories involving expert witnesses and damages. In addition, the expert report prepared by Donald Bifareti of Bifareti Construction Consulting on behalf of the pass-through claim of BELL's subcontractor, Young Electrical Contractors, Inc., and the expert report prepared by Mr. Barry Brower of Brower, Kriz & Stynchcomb on behalf of BELL's subcontractor, Stromberg Sheet Metal

Works, Inc., were produced previously to the Government, and same should also be considered as a supplemental answer to Defendant's interrogatory regarding experts.

<u>Experts Not Specially Retained</u>

The following individuals have not been specifically retained pursuant to RCFC 26(a)(2)(A), but Defendants may call them at trial to present evidence under Fed.R.Evid. 702, 703, and/or 705: (1) Steven Ruether; (2) Chuck Swain; (3) Thomas Bell; and (4) Jeremy Bardin.

Based on their respective education, training, experience and observations, the substance of the facts and opinions that Messrs. Ruether, Swain, Bell, and/or Bardin may express include the following: (1) testimony involving the performance of BELL's work on the NIH Project; (2) the impact on performance of BELL's work on the Project, including but not limited to delays, disruptions and inefficiency, including those detailed in BELL's REA and Report of BELL's expert designated herein; (3) extra work/changes performed by BELL and costs associated therewith as detailed in BELL's REA dated April 5, 2001, including changes identified therein as "changes negotiated, awaiting modification", "changes submitted, awaiting modification", "changes submitted with REA" and "disputed changes"; (4) BELL's job cost record and tracking of costs that BELL planned and incurred are accurate, correct and reasonable for work performed; (5) BELL's estimate which is reasonable for the work performed.

2

                    Respectfully submitted,

                    BELL BCI COMPANY

                    By Counsel

                    _____
                    Charlie C.H. Lee
                    Richard O. Wolf
                    Robert D. Windus
                    MOORE & LEE, LLP
                    1750 Tysons Boulevard, Suite 1450
                    McLean, Virginia 22102
                    Telephone: (703) 506-2050

Dated: September 10, 2004     Facsimile: (703) 506-2051

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of September 2004, I caused a true and correct copy of Plaintiff's Expert Witness Designations and Supplementation of Interrogatory Responses Regarding Expert Witnesses to be served via hand-delivery on:

Kyle Chadwick
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530

_____
Richard O. Wolf