# EXHIBIT 7

BELL BCI COMPANY
1340 Lexington Avenue
Rochester, New York 14606


AGREEMENT - SUBCONTRACTOR
SUBCONTRACT NO: C42118-L-9014


This agreement made this 24th day of April, 1998, between **BELL BCI COMPANY**, a Corporation having its place of business at 1340 Lexington Avenue, Rochester, New York 14606 hereinafter referred to as Contractor, and **STROMBERG SHEET METAL WORKS, INC.**, having its principal place of business at 6701 Distribution Drive, Beltsville, MD 20705, hereinafter referred to as Subcontractor.

WHEREAS, said Contractor entered into a written contract with National Institutes of Health Acquisitions Branch "C", dated March 26, 1998, whereby Contractor agreed to furnish materials and perform certain labor for the construction of Consolidated Laboratory Facility - Building 50 The National Institutes of Health, Bethesda, Maryland 20892 Contract Number 263-98-C-0102 in accordance with plans and specifications prepared by HLM (Hansen Lind Meyer, Inc.), Architect, per Rider 3.

NOW, THEREFORE, WITNESSETH, that the parties hereto, in consideration of the mutual covenants herein contained, and with the intent to be legally bound hereby, agree as follows:

1. Subcontractor shall furnish the materials, supervision, administration and labor and to perform the work and labor needed or required to fully do, perform and complete all the **SHEETMETAL WORK** per Supplement "A". Schedule A, Supplement "A" and "B" and Riders 1, 2, 3, 4 and 5 are attached hereto and made a part hereof by this reference, in accordance with the said plans and specifications prepared by HLM (Hansen Lind Meyer, Inc.), Architect, and in accordance with the contract referred to in the preamble hereto and the General and Special Conditions attached to the last mentioned contract and all addenda to said documents to the date of this agreement, which plans, specifications, contract, General and Special Conditions and addenda have been read and examined by Subcontractor prior to the execution of this agreement and in so far as the provisions of said contract documents are applicable to this agreement they are hereby made a part hereof, and the said Subcontractor assume toward the Contractor all obligations and responsibilities that the Contractor, by those said contract documents assume toward the owner of the principal Contractor. The Contractor shall have the same rights and remedies against the Subcontractor in respect to all such obligations and liabilities as the owner or the principal Contractor has against the Contractor with the same force and effect as if every such obligation, liability, right and remedy were set forth herein in full



SUBCONTRACT AGREEMENT, PAGE 7
SUBCONTRACT NO.: C42118-L-9014
STROMBERG SHEET METAL WORKS, INC.

18. The Contractor may terminate the employment of the Subcontractor at any time, even though the Subcontractor is not in default. In such event, the Contractor shall pay to, or for the account of the Subcontractor on account of the Work performed prior to the effective date of such termination (1) all actual costs approved by the Contractor as having been paid or incurred by the Subcontractor in connection with performance of the Work; (2) all costs incurred with the Contractor's prior written approval in settling or discharging outstanding commitments entered into, in good faith, by the Subcontractor in connection with performance of the Work; (3) a reasonable amount to cover general overhead expenses of the Subcontractor incurred in connection with the performance of the Work and which are not covered by payments under Items (1) and (2) above; and (4) an amount equal to the percentage as stated in the contract documents for the total of items (1) and (2) and (3) above ~~in lieu of~~ all profits which the Subcontractor would or might have realized if this Contract had been completely performed; provided that the workmanship, materials and equipment for which payment is to be made as aforesaid are in accordance with the requirements of this Contract. There shall be deducted from the amount determined above all payments previously made by the Contractor and all amounts which the Contractor is entitled to charge the Subcontractor under this Contract. In no event shall the amount to be paid to, or for the account of, the Subcontractor pursuant to this Article plus all amounts previously paid the Subcontractor plus all amounts which the Contractor is entitled to charge the Subcontractor under this Contract exceed the Contract Price, as adjusted.

The Subcontractor shall (a) assign and transfer to the Contractor, as directed by the Contractor, all materials, equipment, tools, plant and facilities, for which payment has or will be made under this Contract and all subcontract, orders and commitments and shall execute and deliver all such papers and take all such actions as the Contractor may require to fully vest in the Contractor the rights of the Subcontractor in and to the same; (b) cancel as directed by the Contractor, subcontracts, orders and commitments; and (c) sell at prices approved by the Contractor such materials, equipment, tools, plant and facilities as the Contractor shall direct, the proceeds to be paid or credited to the Contractor as the Contractor shall direct.

19. If the Subcontractor shall be delayed in the commencement, prosecution or completion of the work or shall be obstructed or hindered in the orderly progress of the work by any act, neglect or default of the Contractor, the Owner, the Architect, another contractor or subcontractor or by any cause beyond the control of the Subcontractor, then the time fixed

SUBCONTRACT AGREEMENT, PAGE 8
SUBCONTRACT NO.: C42118-L-9014
STROMBERG SHEET METAL WORKS, INC.

equivalent to the period of the delay incurred by the Subcontractor as determined by the Contractor; but no extension shall be granted unless a claim in writing therefor is presented to the Contractor within ~~seventy-two (72) hours~~ FIVE DAYS of the start of such delay, obstruction, or hindrance. The Subcontractor expressly agrees ~~not to make, and hereby waives, any claim for damages on account of any delay, obstruction or hindrance for any cause whatsoever, including but not limited to the aforesaid cause, and agrees~~ that its sole right and remedy in the case of any delay, obstruction or hindrance shall be an extension of the time fixed for completion of work unless and to the extent that the Contractor recovers the same from the Owner.

20. This project is governed by prevailing wages as called for in the contract documents. Subcontractor shall be bound by these rates. Subcontractor shall submit weekly certified payroll reports to and on the form directed by Contractor's Project Manager. Failure to submit said reports will delay payment to this Subcontractor.

21. Subcontractor shall at all times supply a sufficient number of skilled workers to perform the work covered under this contract with promptness and diligence and shall maintain the progress of the work in accord with the project schedule. [AGREE] Should any workers performing work covered by this contract engage in a strike or other work stoppage or cease to work due to picketing or a labor dispute of any kind, whether involving Contractor, Subcontractor, or any other contractor or subcontractor on the Project, Contractor may, at its option and without prejudice to any other remedies it may have, after forty-eight (48) hours written notice to Subcontractor, provide any such labor and any necessary materials and equipment and deduct the cost thereof plus 10% representing Contractor's overhead expense from any monies then due or thereafter to become due to Subcontractor. Further, in such event Contractor may at its option, and without prejudice to any other remedies it may have, terminate the employment of Subcontractor, in which case the parties shall proceed as provided under paragraph 17 of this contract.

22. This Agreement shall be construed in accordance with the laws of the State of ✱~~New York~~ and shall be enforced only in the Courts of ✱ ~~Monroe County, New York~~. Contractor and Subcontractor waive their rights to a jury trial and to seek punitive damages. ✱ WHERE PROJECT IS LOCATED.

23. This Agreement shall inure to and be binding upon the successors, heirs, executors, administrators and proper assigns of the parties hereto.