# E<small>XHIBIT</small> 9

# STROMBERG METAL WORKS, INC.



CONTRACTING – ENGINEERING

**MAIN PLANT & OFFICES:**
6701 Distribution Drive,
Beltsville, MD 20705
Tel: 301-931-1000
Fax: 301-931-1020

**SPECIALTY SHOP:**
2901 V Street, N.E.
Washington, D.C. 20018
Tel: 202-526-6300
Fax: 202-635-0443

**RICHMOND PLANT:**
1804 Currie., Richmond, VA 23220
Tel: 804-355-6533
FAX: 804-353-0923

**RALEIGH N. C. PLANT:**
5812 Triangle Drive, Raleigh, NC 27613
Tel: 919-781-2515
Fax: 919-781-6858

May 15, 2001

SENT VIA FACSIMILE & U.S. MAIL
(301) 215-8846

Bell/BCI Company
10605 Concord Street
Suite 205
Kensington, Maryland 20895

ATTN: Mr. Jeremy Bardin
      Mr. Jerry Romandino
      Mr. Tom Bell

    RE:    The National Institutes of Health Louis Stokes Laboratories
           – Building 50
           Contract No. 263-98-C-0102

    Subj:  **Preliminary Claim For Additional Costs Stemming From Impact and Delay** - $797,218

Gentlemen:

    Reference is made to our subcontract for the above project. Reference is also made to our numerous discussions, letters and notices concerning impact and delay to our work activities on the project as well as our concerns regarding the project schedule. Although our work continues to be impacted and delayed on this project due to changes through the life of the project, which we continue to receive on a daily basis, we have now been able to ascertain and definitize at least part of our impact and delay costs based on information which the Government recently provided pursuant to a Freedom of Information Act Request. Accordingly, we are herewith submitting this Preliminary Claim for additional costs stemming from impact and delay; fully reserving all rights to supplement this claim once our total additional costs can be accurately ascertained and computed. We expect our final claim on this project to be comprised in two parts:

Bell/BCI
May 15, 2001
Page 2

Part I.  Delay/Extended Contract Performance Costs

    A.    Delay Costs 1/1/00 – 8/31/00 – 243 Days
    B.    Delay Costs 9/1/00 – 4/30/01 – 241 Days
    C.    Delay Costs 5/1/01 – Project Completion – TBD

Part II.  Labor Impact Costs

Included in this Preliminary Claim Submission is Stromberg's delay and extended contract performance costs from January 1, 2000 through April 30, 2001 (i.e., Part I., Subparts A and B outlined above). These costs total $797,218 and are based on the 484 days of additional time from January 1, 2000 through April 30, 2001, which we now understand have been settled and agreed to between Bell and Government. A complete itemization of these claimed additional costs is attached hereto as **EXHIBIT A**.[1]

As Bell is aware, from the outset of this project Stromberg has brought to Bell's attention problems and concerns with respect to Bell's schedule for Stromberg's work. The original completion date for our subcontract work on this project was September 30, 1999. However, pursuant to our subcontract Change Order No. 1, this completion date was extended to December 31, 1999 (for rough in of ductwork only) not including the completion of our registers and diffusers. As Bell is also aware, prior to this change order (which was ratified in June of 1999) and since the issuance of this change order, Stromberg's work has been and continues to be impacted and delayed by continuous changes. As of mid-April 2001, Stromberg had submitted more than 100 proposals for change work that have radically changed the original scope of our subcontract and increased the work required under our subcontract by more than 65%. To compound this situation, many of our more recent changes have required us to remove ductwork that was installed pursuant to previous changes. This has resulted in not only a significant impact to our labor productivity but has also delayed and extended our contract duration by almost 100%.

Exacerbating this result is the fact that for over a year Bell has kept Stromberg "in the dark" regarding its dealings with the Government on schedule issues and time-related settlements. Further, aside from subcontract Change Order No. 1, Stromberg has never been granted a contract time extension (despite our numerous requests); nor has Bell been willing to provide us adequate information about the schedule to perform a detailed delay analysis. These circumstances constitute a material breach of our subcontract agreement and, in particular, Article 21 which required that our work was to be performed on this project pursuant to an "agreed" project schedule.

Bell's motives in this regard have now become apparent. Stromberg has learned that, in bad faith and in deliberate disregard of our subcontract rights, on October 2, 2000 Bell and the Government entered into Contract Modification No. 093 in the amount of $2,296,963 which

---

[1] This Preliminary Claim Submission, which is to be further supplemented and finalized, amends and replaces our June 19, 2000 Claim Submission in the amount of $658,914.

Bell/BCI
May 15, 2001
Page 3

(unbeknownst to Stromberg) extended the contract completion date to April 15, 2001 and provided Bell a full equitable adjustment "for all delays resulting from any and all Government changes transmitted to the Contractor on or before August 31, 2000." (See **EXHIBIT B** attached hereto).

Thereafter, pursuant to Contract Modification No. 097 dated November 9, 2000 (also unbeknownst to Stromberg), we now understand that Bell settled and agreed with the Government on a revised contract completion date of April 30, 2001. Since November of 2000, Stromberg has no idea what "secret deals" Bell has reached with the Government regarding the contract schedule and the continuing impact and delay stemming from changes. Stromberg does know, however, that between November 2000 and April 2001 we have been issued more than 30 additional changes; requiring several hundred thousand dollars in additional work and preventing us from substantially completing our contract performance.

Although the total impact, delay and extended contract performance costs can not yet be ascertained, based on Bell's "secret deals" with the Government Stromberg is able to definitize our additional costs stemming from extended contract performance through August 31, 2000 and thereafter through April 30, 2001. These additional costs total $797,218. Since these costs have apparently already been resolved and, as between Bell and the Government, we trust a change order will be promptly issued for Stromberg's additional costs. We also trust Bell will discontinue keeping Stromberg " in the dark," with regard to Bell's discussions and settlements with the Government concerning continuing impact and delay.

To the extent a change order for these additional costs is not promptly issued, by this letter we also providing notice of our claim to your payment bond surety and we will pursue all remedy available to Stromberg under the Miller Act.

I trust you understand our position.

Very truly yours,

STROMBERG SHEET METAL WORKS, INC.

Richard B. Freeman
Vice President

Enclosures

cc:  Mr. Robert B. Gawne (w/encs.)
     Mr. Richard Thompson (w/encs.)
     Mr. Jerry Robinson (w/encs.)
     Roger C. Jones, Esquire (w/encs.)