# EXHIBIT 10

LAW OFFICES

# HUDDLES & JONES, P.C.

WILLIAM M. HUDDLES (MD, DC)
ROGER C. JONES (VA)
KENNETH K. SORTEBERG (MD, DC)
MARK S. DACHILLE (MD)
EDWARD N. HERSHON (MD)

OVERLOOK CENTER, SUITE 304
5457 TWIN KNOLLS ROAD
COLUMBIA, MARYLAND 21045-3259

WWW.CONSTRUCTIONLAW.COM

DC METRO
(301) 621-4120
FAX (301) 621-4473

BALTIMORE METRO
(410) 720-0072
(410) 720-0329 FAX

WRITER'S DIRECT E-MAIL:

jones@hjpc.com

December 19, 1999

**SENT VIA FEDERAL EXPRESS**

Charlie Lee, Esquire
Moore & Lee, LLP
1750 Tysons Boulevard
Suite 1160
McLean, Virginia 22102-4225

      RE:    Stromberg Sheet Metal Works, Inc.
                 NIH Building 50

Dear Charlie:

      Reference is made to your letter of December 7, 2001 concerning Stromberg's claims on the above project. When we talked about Stromberg's final claim submission, I indicated that I would have it to you by the end of December. Enclosed is a copy.

      Given the mutual release that Bell executed with the Government in Contract Modification 93, Stromberg will leave it to Bell's discretion as to which, if any, parts of this claim get passed through to the Government. For this reason and because a significant amount of Stromberg's claim is for sums before the August 31, 2000 release date, the claim does not include a CDA certification. Moreover, I would note the subcontract does not require Stromberg to provide CDA certification. Nevertheless, from reading Stromberg's claim letter it is clear that changes and design defects are the primary reason for the additional costs incurred and there is nothing in Stromberg's subcontract that prohibits Bell from passing Stromberg's claim through to the Owner. As you know, Bell will stand in the shoes of the Owner to the extent all or part of Stromberg's claim is/has been resolved by Bell with the Owner. As you also know, to date Bell has not included Stromberg in any claim resolution with the Owner, including the $2,296,963 settlement Bell negotiated with the Owner as a "full and equitable adjustment for all delays resulting from any and all Government changes transmitted to the contractor on or before August 31, 2000." (See Contract Modification 93).

      Given these circumstances, and because the subcontract does not require execution of a liquidation agreement to pass claims through to the Owner, Stromberg is not willing to sign the proposed draft liquidation agreement included with your letter. Since the subcontract does not give Bell the sole and exclusive right to negotiate and settle Stromberg's claim, Stromberg sees little reason why it should sign a liquidation agreement giving Bell that right. Likewise, since Bell may

Charlie Lee, Esquire
December 19, 2001
Page 2

already stand in the shoes of the Owner with respect to a large portion of Stromberg's claims, under no circumstances will Stromberg agree to "fully and finally release Bell" based on future payments Bell may receive from the Owner.

    If you were in my situation, I know you well enough that you would give Stromberg exactly the same advice.

    Have a good holiday.

                                    Very truly yours,

                                    Roger C. Jones

RCJ:cmr
Enclosure
cc:    Stromberg Sheet Metal Works, Inc.