## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| *for the use and benefit of* | ) | |
| **STROMBERG METAL WORKS, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. L 02 CV 3188** |
| | ) | |
| **BELL BCI COMPANY, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

### REPLY TO USF&G'S OPPOSITION TO
### MOTION TO REOPEN CASE AND LIFT STAY

Plaintiff, Stromberg Metal Works, Inc. ("Stromberg"), by undersigned counsel, files this Reply to United States Fidelity & Guaranty Company's ("USF&G) Opposition to Motion to Reopen Case and Lift Stay and states as follows:

Stromberg's Motion to Reopen Case and Lift Stay ("Stromberg's Motion") seeks to have this case reopened and the agreed upon stay lifted based on the following: (1) Bell breached the partial settlement agreement by failing to pursue Stromberg's extended field overhead claim against the government; (2) Bell misled Stromberg into agreeing to execute the partial settlement agreement because Bell did not intend to pursue Stromberg's extended field overhead claim against the government; (3) pursuant to the prevention doctrine, Bell has prevented the condition for reopening this case from occurring and therefore the condition for reopening this case is waived or excused; and (4) Bell is responsible to pay Stromberg's extended field overhead costs. Stromberg incorporates herein its Memorandum in Support of Motion to Reopen Case and Lift Stay and its Reply to Bell BCI's Opposition to Motion to Reopen Case and Lift Stay.

In its Opposition, USF&G argues the stay should remain in effect as to Stromberg's claim against USF&G because the basis for Stromberg's Motion relates only to actions of Bell resulting in the breach of the Partial Settlement Agreement, prevention of a condition in the agreement, and misrepresentation inducing the agreement.  It is Stromberg's position that even though Bell's actions caused the breach of the agreement, prevention, and misrepresentation inducing the agreement, USF&G cannot enforce Stromberg's promise to stay this case.

USF&G is not a named party to the Partial Settlement Agreement.  Rather, USF&G is a third party beneficiary of the Partial Settlement Agreement because both Stromberg and Bell intended to benefit USF&G under the Agreement, if the promises made therein were fulfilled.  Even if USF&G was a named party to the agreement, USF&G did not have any obligations under the agreement.   As such, it could not be a party to the agreement because it provided no consideration for the promises made therein.  Only Stromberg and Bell exchanged promises under the agreement.   USF&G, however, is a named beneficiary of the agreement and therefore is a third party beneficiary.

Pursuant to the Partial Settlement Agreement (a copy of which is attached to the Memorandum in Support of Stromberg's Motion as **Exhibit 8**), Bell and Stromberg agreed as follows (emphasis added):

1. By January 30, 2004, BELL will pay Stromberg $66,817, in full settlement of Stromberg's claims for contract balance and extra work in the above-referenced action.  The parties' subcontract records will be reconciled to account for the payment.  **The only damages claim remaining in the above-referenced action against Bell and USF&G is Stromberg's claim for $1,228,799, based on alleged extended field overhead and impact delay (hereinafter "delay claim").**

2. **Stromberg will stay its delay claim against BELL and USF&G until the final conclusion of the Court of Federal Claims litigation.**

Thus, the above-referenced action will be stayed in its entirety until the final conclusion of the Court of Federal Claims litigation.

3. Upon BELL's request, Stromberg will cooperate with BELL **in BELL's prosecution of Stromberg's delay claim in the Court of Federal Claims litigation** including providing an expert witness, if necessary. Stromberg shall bear the costs associated therewith. **BELL shall retain full control and discretion with regard to the prosecution and resolution of Stromberg's delay claim.**

4. **BELL will ask the Court of Federal Claims to make separate findings regarding Stromberg's delay claim.** Subject to ¶ 5 below, Stromberg will accept the Court of Federal Claims findings and damages award, if any.

5. **In the event that the Court of Federal Claims determines that BELL did something to prejudice Stromberg's delay claim,** or if BELL and the Government reach a settlement in the Court of Federal Claims litigation and Stromberg, in good faith, is not satisfied with the amount of the settlement proceeds, if any, that BELL in its discretion allocates to Stromberg, **then Stromberg may, after the final conclusion of the Court of Federal Claims litigation, move to lift the stay in the above-referenced action and proceed on its delay claim.** In that event, Stromberg's delay claim will not exceed the amount of $1,228,799, exclusive of interest, that is set forth in the expert report and supplemental interrogatory answers that Stromberg submitted in the above-referenced action.

Stromberg's promise to the stay this case was in exchange for the promises of Bell. Bell did not fulfill its promises. As such, Stromberg is relieved of its promise to stay this case as to both USF&G and Bell. See Restatement (Second) of Contracts § 140 ("if a contract . . . subsequently ceases to be binding in whole or in part because of . . . failure of the promisee to perform a return promise which was the consideration for the promisor's promise, the right of a donee beneficiary or creditor beneficiary under the contract is subject to the same limitation.").

It should not be forgotten that a surety's liability is coextensive of that of its principal. USF&G's liability to Stromberg is co-extensive of that of Bell. Thus, if Bell is liable to Stromberg for its extended field overhead claim, then USF&G is also liable. As such, this case

should be opened as against both Bell and USF&G to adjudicate Stromberg's extended field overhead claim.

## **CONCLUSION**

Based on the foregoing and the points and authorities in Stromberg's Memorandum in Support of Motion to Reopen Case and Lift Stay and its Reply to Bell BCI's Opposition to Motion to Reopen Case and Lift Stay, the Court should grant Stromberg's Motion to Reopen this Case and Lift the Stay as against Bell and USF&G for the sole purpose of adjudicating Stromberg's claim for extended field overhead costs.

Respectfully submitted

_____\s\ *Nicole L. Campbell*_____
Nicole Lefcourt Campbell, Bar No. 14425
Huddles Jones Sorteberg & Dachille, P.C.
10211 Wincopin Circle, Suite 200
Columbia, Maryland 21044
Telephone (301) 621-4120
Facsimile (301) 621-4473
Email: campbell@hjpc.com
Counsel for Plaintiff

Dated:  September 5, 2008

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on the __5th__ day of September, 2008, a copy of the foregoing Reply to USF&G's Opposition to Motion to Reopen Case and Lift Stay was mailed, postage prepaid, to:

> Richard O. Wolf, Esquire
> Moore & Lee, LLP
> 1750 Tysons Boulevard, Suite 1450
> McLean, Virginia 22102
> r.wolf@mooreandlee.com

> _____\s\ Nicole Lefcourt Campbell_____